J. H. Johnson *v.* Fred Lane.*

(*Knoxville,* September Term, 1931.)

Opinion filed March 28, 1932.

---

*As to determining whether promise is within statute of frauds, see 25 R. C. L., 482; R. C. L. Perm. Supp., p. 5588; R. C. L. Pocket Part, title Statute of Frauds, section 63.

Milligan & Haynes, for plaintiff in error.

Susong, Susong & Parvin, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This suit was begun before a justice of the peace by Lane against the Greene County Gas and Oil Company, a corporation, and J. H. Johnson, individually, on an account in the sum of $499 for work and labor done in recovering boring tools lost in an oil well which was being explored for oil by the corporation. This work required the skill of an expert, which it is conceded Lane is. The justice of the peace rendered judgment against both defendants. Johnson alone appealed. The corporation is insolvent and was in that condition when Lane was employed to do this work. In the circuit court judgment was entered against Johnson, and that judgment was affirmed by the Court of Appeals. Those courts concurred in finding:

(1) That Johnson was the president, manager, director, and a large stockholder in the corporation.

(2) That Johnson had a mortgage on the lost tools to secure a debt of $350, and that he was primarily interested in their recovery.

(3) That when Lane, who lives in Maryville, was sent for and visited the site of the well he was informed that the corporation was insolvent, and thereupon refused to contract with it to do this work.

(4) That later Johnson sent for Lane again, advised him that the company then had the money, and agreed that if Lane would do the work he would pay him if the company did not.

(5) That credit was extended to Johnson and not to the company.

 The above facts were not questioned, except that Johnson denied that he made the promise relied upon. The Court of Appeals was correct in holding that this promise did not fall within the statute of frauds.

In *Hall* v. *Rogers,* 26 Tenn., 536, 540, it appears that Rogers, for a valuable consideration, verbally agreed to pay a certain note if it could not be made out of the maker, Cain. Cain became insolvent. Rogers was thereupon sued, and plead the statute of frauds. In holding the plea bad, the court, speaking through Justice TURLEY, said:

"Three distinct classes of cases may be propounded on this subject, which require to be discriminated.

"1st. Cases, in which the guaranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal or direct actor. Here there is not, nor need be, any other consideration, than that moving between the creditor and original debtor.

"2d. Cases, in which the collateral undertaking is subsequent to the creation of the debt, and was not the inducement to it, although the subsisting liability, is the ground of the promise, without any distinct or unconnected inducement. Here there must be some further consideration shown, having an immediate respect to such liability; for the consideration of the original debt will not attach to this subsequent promise.

"3d. A third class of cases is, when the promise to pay the debt of another arises out of some new and original undertaking of benefit or harm moving between the newly contracting parties. The two first classes of cases are within the statute of frauds; but the last is not."

In *Nelson* v. *Richardson*, 36 Tenn., 307, 316, the court said: "If the consideration gives to the person making the promise a benefit or advantage that he did not possess before, and would not have possessed but for the promise, then it will be regarded as an original promise, and therefore will be enforced, although not in writing."

The three rules announced in *Hall* v. *Rogers, supra,* were taken from Kent, and the third one, by numerous modern decisions, in so far as it holds that the promise is not within the statute in case of mere detriment to the promisee, is held to be unsound. 27 C. J., 145.

In 25 R. C. L., 482-483, in reference to Kent's Classification, it is said: "This summarization has frequently been referred to with approval. It is undoubtedly correct, as a general rule, so far as the first two classes are concerned, but it has not been fully recognized, even in New York, as regards the third class, and to take the promise out of the operation of the statute on account of a new consideration moving between the parties it must according to the better view be based on a consideration moving to the promisor and it seems beneficial to him as distinguished from one of harm or detriment to the creditor. It seems due to this attempt of Chancellor Kent to lay down a general rule governing all cases that the great conflict in the cases, in this country especially, has arisen."

This distinction is discussed in more detail on page 493 of the book just mentioned.

In this suit the consideration moved direct to the promisor, Johnson. Unless these tools were recovered, he lost his debt of $350. In these circumstances, under practically all of the decisions, the promisor is liable.

Writ denied.