WATSON v. WELLS.—103 S. W. (2d) 30.

Middle Section. November 28, 1936.

Petition for Certiorari denied by Supreme Court, March 27, 1937.

612

Thos. H. Peebles, Sr., of Columbia, for plaintiff in error Watson.
M. E. Queener, of Columbia, for defendant in error Wells.

CROWNOVER, J.   This is an action to collect a debt of $84.20. The defendant pleaded set-off against said account in the sum of $42.50 for work done.

The action originated in a justice of the peace court where judgment for $84.20 was rendered, on June 14, 1934, for the plaintiff, Watson, and against the defendant, Wells.

On June 20, 1934, the defendant, Wells, presented his petition for certiorari and supersedeas to two justices of the peace for Maury county, and writs were granted removing the cause to the circuit court of Maury county.

In the circuit court the plaintiff, Watson, filed a motion to dismiss said petition, which motion was overruled.

The case was tried by the judge and a jury and a verdict was returned for $41.70 in favor of the plaintiff and against the defendant, and judgment was accordingly entered.

Motions for a new trial and in arrest of judgment having been overruled, the plaintiff appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in overruling the plaintiff's motion to dismiss the petition for certiorari.

(2) There is no evidence to support the credit of the set-off allowed by the jury.

(3) The court erred in refusing to charge the plaintiff's special request No. 1, which was as follows:

"Set-off consists of a demand, not connected with or arising out of the plaintiff's demand, existing at the commencement of the action in favor of the defendant and against the plaintiff, and to be good the demand must be sufficient to support an independent action by the defendant against the plaintiff and must be specially pleaded; there is no special plea or pleading by the defendant, of an off-set in this case, and therefore. I instruct you to bring in a verdict for the plaintiff."

(4) The court erred in refusing to charge the plaintiff's special request No. 2, which was as follows:

"In order to charge one person with the account of another, it must appear in writing or memoranda signed by the party sought to be charged that he has agreed to pay same. If no such appears in the record in this case, and you so find the off-set cannot be allowed provided the original debt was that of Ray Lewis and Lex Watson was the person sought to be charged."

(5) The court erred in refusing to charge the plaintiff's special request No. 3, which was as follows:

"The burden of proof is on defendant, Wells, to show that he had a contract with Watson for Watson to pay for the work."

Lex Watson, of Columbia, operated a furniture store from 1923 to about January, 1932.

About January 1, 1932, E. D. Wells, the defendant, was indebted to him for furniture purchased in the sum of $137.

The business was incorporated, in January, 1932, under the name of "Lex Watson Furniture Company."

Wells made several payments which reduced the amount of his indebtedness to $84.50.

Some time in December, 1932, Watson leased a part of the Furniture Company's store building to Ray Lewis for a photographic studio. Watson sent for Wells, a contractor, and engaged him to do some carpentry preparing the studio for Lewis. The terms of this contract are the matter in dispute—Watson testified that he only recommended Wells for the work; that he called him and asked

him to come to the store; that the work was done for Lewis and Lewis was to pay for it. Wells contends that Watson hired him to do the work.

The question raised here for the first time that the magistrate did not send up the original warrant and other papers in the case after the certiorari was granted, is not well made for two reasons: (1) It was waived by the parties going to trial on the petition for certiorari without raising this question. They should have raised that objection before going into trial in the lower court. Mercer v. Ewing, 6 Tenn. Civ. App., 384. (2) The question was not raised in the lower court. It should have been raised there and the trial judge's attention drawn to the fact. Under our rules the trial judge cannot be put in error for something not drawn to his attention. Tennessee Coach Co. v. Henely. 15 Tenn. App., 183.

1. We are of the opinion that the petitioner was entitled to the writ of certiorari. It was not through his negligence that he lost the right to appeal. As the justice at the time of the trial withheld his decision, Wells had a right to believe that he would be given notice of the decision in time to perfect his appeal. The case was tried on June 14th. On June 20th the petitioner went to the magistrate's office to see if the case had been decided, when he learned for the first time that judgment had been entered and execution issued. The petition for certiorari is dated June 20th.

"In view of the extension of the jurisdiction of justices of the peace, by which a new trial by jury has become a matter of greater importance to the rights and interests of parties than heretofore, the courts will rather relax than render more stringent the practice regulating the remedy by certiorari where merit exists, and no real fault or negligence can be imputed to the party. McCormack v. Murfree, 34 Tenn. (2 Sneed), 46; Evans v. Evans, 44 Tenn. (4 Coldw.), 600, 604; Hardin v. Williams, 52 Tenn. (5 Heisk.), 385, 389." 4 Michie's Digest of Tenn. Reports (2d) 14, section 6.

2. There is some evidence that Watson engaged Wells to do the work and that Wells charged it to Watson. The jury found that this was the case, and we cannot disturb the verdict of the jury.

3. The plaintiff in error, Watson, contends that it was necessary for the defendant to file a special plea of set-off. The defendant specially pleaded set-off but did not file a written plea. The proceedings before a justice of the peace are ore tenus, and all pleas before justices of the peace and in suits originating before them and carried to higher tribunals are ore tenus, except pleas which are required to be under oath. Set-off must be specially pleaded in writing in courts of record, but the plea need not be sworn to (Code, section 8761), hence it was not necessary in this case for a written plea to be filed in the circuit court (Sullivan v. Tigert. 1 Tenn. App., 262, 265), and the trial judge correctly refused to charge the plaintiff's special request No. 1.

4. The court correctly refused to charge the plaintiff's special request No. 2, as the defendant did not contend that the plaintiff agreed to pay the debt of another, but insisted that the plaintiff (Watson) himself made the contract and the bill was charged to him. Where goods were delivered to one, but credit was extended to the promisor, it need not be in writing and the promisor is liable. Hazen v. Bearden, 4 Sneed., 48; Johnson v. Lane, 164 Tenn., 234, 47 S. W. (2d), 554.

5. The court in his main charge correctly charged the jury as to the burden of proof being upon Wells to show that Watson employed him to do the work and agreed to pay him, therefore it was not error for the judge to refuse to charge the plaintiff's request No. 3.

All the assignments of errors must be overruled and the judgment of the lower court will be affirmed. A judgment will be entered in this court for $41.70, with interest thereon from November 24, 1935, to the present, in favor of Watson and against Wells.

The costs that accrued in the lower court will remain as adjudged by that court. The costs of this appeal are adjudged against Watson and the surety on his appeal bond.

Faw, P. J., and DeWitt, J., concur.