240

T. J. YARBROUGH, Defendant-in-Error, v. B. B. (BILLY) VIAR, Plaintiff-in-Error.—282 S. W. (2d) 367.

Western Section.  May 25, 1954.

Petition for Certiorari denied by Supreme Court, September 6, 1954.

M. Watkins Ewell, of Dyersberg, for plaintiff-in-error.

Barret Ashley, of Dyersberg, for defendant-in-error.

BEJACH, J.    The parties will be styled in this opinion, as in the lower Court, plaintiff and defendant.

██ .The determinative question is whether or not the Statute of Frauds bars the action in this cause. The suit was brought in the Court of Joe C. Lambert, Justice of the Peace of Dyer County, by T. J. Yarbrough against Billy Viar, the warrant summoning him "to answer complaint of T. J. Yarbrough in a plea of debt. due by J. T. Thompson, Elton Thompson and Floyd Thompson, secured by Billy Viar for groceries, medicines, gas, oil."

A judgment was rendered in favor of the plaintiff and against the defendant in the Justice of the Peace Court for the sum of $62.02 and same was properly appealed to the Common Law and Chancery Court of Dyer County at Dyersberg. The judgment was affirmed. An appeal was taken to this Court. The evidence is preserved in the transcript in narrative form and consequently is, on the whole, unsatisfactory. It does appear from same, however, that the plaintiff himself testified that the defendant, Viar, brought in the Thompsons and agreed to stand for their account. His testimony is not corroborated by any other witness, although the defendant, B. B. (Billy) Viar, admits that he brought in the Thompsons and asked Yarbrough to give them credit for certain articles purchased at the time of the introduction for which he (Viar) would stand good. Viar's version is that he undertook to be responsible for the sale made at that time only, whereas the contention of plaintiff is that he agreed to stand for the entire account from that time on. In any event, whether the promise to be responsible for the indebtedness was applicable to the first purchase only, or to the entire account, makes no difference, if the Statute of Frauds is applicable. The Statute of Frauds here relied on as set out in Section 7831 of Williams' Tennessee Code is as follows:

"No action shall be brought: * * * (2) Whereby to charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person; * * *

"Unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized."

■ Some payments were made on the account which more than absorbed the initial purchases and reduced the account to $62.02. Unless the defendant is primarily liable and held for the entire account, there is no liability in this case, suit being merely for the balance on the account. It is the contention of the plaintiff that even though the goods were charged to the Thompsons, this was merely for convenience and to distinguish the goods sold to Thompson from those sold to the defendant for his own use. The strongest case cited in support of this contention is that of Hazen v. Bearden, 36 Tenn. 48. In this case $1,300 worth of goods was sold to one Morgan but were directed by Hazen to be so sold. The charge was made to Morgan, but Hazen was sued. In the Circuit Court the jury was charged ''To avoid the application of the Statute of Frauds which renders any agreement to pay the debt of another void unless it is in writing, the credit must be given entirely to the Defendant and not in whole or in part to Morgan.''

The jury found in favor of the plaintiff and on appeal, the Supreme Court held that the Court's charge as quoted above was correct, but that the explanation that for convenience the goods were charged to Morgan, although Hazen was looked to for payment having been satisfactory to the jury, was sufficient to show that the primary liability was that of Hazen rather than Morgan. This case is cited with approval, in Disney Bros. v. Campbell County, 6 Tenn. App. 569, at page 579, the suit there being against a general contractor who had authorized sale of goods to a subcontractor. The case of Hazen v. Bearden was also cited with approval in Watson v. Wells, 20 Tenn. App. 611, at page 615, 103 S. W. (2d) 30, at page 32, where the law was stated to be ''where goods were

delivered to one, but credit was extended to the promissor, it need not be in writing and the promissor is liable."

■ This case with the above quotation is cited with approval in Johnson v. Lane, 164 Tenn. 234, 47 S. W. (2d) 554, which in turn is cited with approval in the very recent case of Buice v. Scruggs Equipment Co., 194 Tenn. 129, page 138, 250 S. W. (2d) 44. Although Viar denies having stood for the entire account and there is no positive evidence other than that of the plaintiff, himself, to the contrary, this becomes immaterial if the Statute of Frauds applies. We are of the opinion that the evidence is not sufficient to establish primary liability against Viar.

■ There is another point raised in the case. The trial judge held that Viar was estopped to plead the Statute of Frauds. We find no basis for any estoppel. Either the promise was made orally (there is no contention that it was in writing), or it was not made. In any event, if it was made and the goods were delivered to the Thompsons on their own credit, even though the promise of Viar was relied on as to suretyship, the Statute of Frauds covers the transaction and no recovery can be had.

The defendant, Viar, insists that the warrant itself is conclusive as to the indebtedness being due primarily from the Thompsons, and we are inclined to agree with him.

■ It is the opinion of this Court that the Statute of Frauds is applicable in this case and that, whether or not the oral promise by Viar was made as contended for by the plaintiff, Yarbrough, in any event, since same is within the Statute of Frauds, defendant Viar can not be held. It follows that the judgment of the lower Courts must be reversed and the case dismissed at the costs of the appellee, the plaintiff T. J. Yarbrough, and his surety on the cost bond in the lower Court.

Avery, P. J. (W.S.), and Carney, J., concur.