648

BUELL GRAY MOTORS, INC.

*v.*

FANBURG'S GARAGE.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

KENNETH D. HIGGINS, Athens, for plaintiff in error.

ANDREW A. WASSICK, Chattanooga, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Trial Judge dismissed the petition for *Certiorari* and *Supersedeas* and this appeal resulted.

This case in on the technical record of the Circuit Court of McMinn County.

The action arose from a replevin by Buell Gray Motors, Inc., of Athens, against Fanburg's Garage of Chattanooga, and Burge Hellis of Athens, issued on April 5, 1956, for the possession of a Studebaker automobile belonging to Burge Hellis, on which Buell Gray Motors, allegedly held a title retention note for $800, and out of which action in replevin a judgment for possession of the property, as well as $100 damages were rendered in favor of Buell Gray Motors, and against Fanburg's Garage.

The record shows that execution issued from the McMinn County Court of General Sessions against Fanburg's Garage on July 10, 1956, to satisfy the judgment

for $100 and costs, and, that certified copy was forwarded to the Hamilton County General Sessions Court from which a *fieri facias* issued on July 12, 1956; there is no return made showing how nor when the execution was served, however, it was from such execution that appellant learned of the judgment against him, and relies upon Sections 27-801 and 27-802, T.C.A., which provides as follows:

"27-801.    Constitutional basis. — The writ of *certiorari* may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."

"27-802.    Cases in which writ lies.—*Certiorari* lies: (1) On suggestion of diminution; (2) where no appeal is given; (3) as a substitute for appeal; (4) instead of *audita querela;* (5) instead of writ of error."

The trial judge dismissed the petition for *certiorari* on the ground that the petition on its face is insufficient.

This enumeration of the grounds for such writ has been looked upon as sufficiently comprehensive for all practicable purposes.  These specifications must be understood as general statements.  The practitioner must set out the facts of his case and cannot rely upon the insertion of these general words in his petition.

The petition for *certiorari* among other things stated:

"That, prior to the Writ of Replevin being served on him, someone approached him at his place of busi-

ness and demanded that the automobile involved in this controversy be turned over to them to be taken to Athens, Tennessee; that petitioner advised said persons that he had a signed work-order to make repairs on said automobile and that he had no authority to turn said automobile over to them without written authority from the owner of said automobile; that, if they would obtain such written authority or a release of some kind from the owner of the automobile, that he would turn it over to them on its presentation; that thereafter instead of bringing written authority from the owner of said automobile, said Buell Gray Motors, Incorporated had a Writ of Replevin issued and served on Petitioner at his place of business in Chattanooga, Tennessee:

"That, when the Writ of Replevin was served, the Deputy Sheriff of Hamilton County, Tennessee, advised Petitioner that all the Athens' people were interested in was obtaining the release of the automobile from Petitioner's Garage, and nothing more, whereupon, Petitioner advised him that if they would pay the Wrecker Bill and Storage Charges he "would release the automobile to them without contesting the proceedings if that was all they wanted, thereupon, said Deputy Sheriff relayed this offer of compromise to the representatives of said Buell Gray Motors, Incorporated, from McMinn County, who then came into Petitioner's Garage and agreed that all they wanted was the release of said automobile and they would be glad to pay the wrecker and storage bill and compromise the matter then and there, whereupon petitioner presented to them the bills covering wrecker service and

storage which said representative of Buell Gray Motors, Incorporated, paid to Petitioner who released said automobile to them in full compromise after considerable conversation covering the entire transaction during which it was stated by said agents and/or representatives from Athens that the action in replevin would be dropped and no further action along those lines pursued; Petitioner, relying upon this agreement, did not appear before the Court of General Sessions in Athens, McMinn County, Tennessee, on the date the case was set for trial as believed said persons from Athens representing themselves to be agents for said Buell Gray Motors, Incorporated, to be truthful and that the action would be dismissed. However, some time after the day set for trial, a Deputy Sheriff of Hamilton County approached him with an execution issued from the judgment which had been rendered on the Writ of Replevin aforesaid, and this was the first he knew that the Plaintiff had not dismissed the suit as agreed and was the first Petitioner knew that judgment had been rendered against him.''

The record shows that the Deputy Sheriff executed the replevin warrant requiring the defendant, Fanburg's Garage, to appear for the hearing in this cause in the General Sessions Court for McMinn County, on April 12, 1956. If the Deputy Sheriff had compromised this situation as alleged in the petition, he would not have further cited the defendant to appear in said cause. The statement, alleging compromise, therefore, is contrary to the record in this case.

There is no allegation in the original petition that plaintiff, did anything that would have prevented de-

fendant from appealing said cause, or that the defendant did not know that he was served with the warrant, nor is it denied that the process was lawfully executed.

The defendant well knew the time said cause was set for hearing as reflected by the Deputy Sheriff's return, and he had two full days within which to discover that judgment had been rendered against him, the same being a matter of public record which was available to defendant in the General Sessions Court, for McMinn County. As a matter of fact, defendant did not investigate until an execution was sent to the Sheriff of Hamilton County, some four months later and after the passage of one regular term of the Circuit Court for McMinn County. Such being the case we are of the opinion that defendant did not show due diligence in the matter.

"It is a well established rule of practice in this State, that a *certiorari*, when sought to be used as a substitute for an appeal, must be applied for at the first term of the Circuit Court, after the rendition of the Justice's judgment, unless some sufficient cause for the delay, be shown in the petition. Any other rule would render judgments very infirm and unstable, and often work great hardships upon innocent parties: *Johnson & Fenner v. Deberry,* 10 Humph. 439 [29 Tenn. 439]; *Newman v. Rodgers,* 9 Humph., 120 [28 Tenn. 120]; *McMurray v. Milan,* 2 Swan, 176 [32 Tenn. 176]." *Brinkley v. Burney,* 45 Tenn. 101, 103.

It results that we see no error in the judgment of the lower court dismissing the petition for *certiorari* and this judgment is affirmed.