**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Appellee,**

v.

**Hannible DENNIS, Jr., and Elizabeth Dennis, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

June 4, 1984.

Application for Permission to Appeal Denied Aug. 27, 1984.

Irwin I. Cantor, Memphis, for defendants-appellants.

George T. Lewis, III, Memphis, for plaintiff-appellee.

CRAWFORD, Judge.

Hannible Dennis, Jr., and Elizabeth Dennis, defendants, (hereinafter Dennis), appeal from an order of the trial court denying their petition for writs of certiorari and supersedeas. The sole issue raised for review by the appellants is whether the trial court abused its discretion in denying the petition for writs of certiorari and supersedeas.

Dennis admits to "being properly served with process and informed that the case of GMAC v. Dennis was set for hearing in the General Sessions Court of Shelby County, Tennessee, on September 28, 1983...." After service, Dennis retained the services of an attorney; however, neither Dennis nor their attorney appeared on September 28, 1983. The General Sessions Court granted a judgment to GMAC for possession of an automobile and awarded damages that represented a deficiency on an installment sales contract between the parties. Dennis did not appeal this judgment. On October 27, 1983, Dennis, proceeding in *forma pauperis*, filed a petition for writs of certiorari and supersedeas in the Circuit Court. The Circuit Court denied Dennis' petition.

The petition for writs of certiorari and supersedeas states in substance that: the petitioners understood that their attorney would ask for a two-week continuance, and for that reason did not appear in court; through a mutual mistake, their attorney understood that the petitioners would appear and ask for the continuance, because he was scheduled to be out of the country during the period of time in question, and as a result of the mutual misunderstanding, a judgment was rendered against the petitioners. Petitioners allege that they have a valid defense to the possessory action of the automobile, substantial misrepresentations were made to the petitioners and unwarranted additional charges awarded.

Dennis, in filing the petition, proceeded under T.C.A. § 27–8–102 (Cum.Supp.1983) which provides:

*Cases in which writ lies.*—Certiorari lies:

(1) On suggestion of diminution;

(2) Where no appeal is given;

(3) As a substitute for appeal;

(4) Instead of *audita querela;* or

(5) Instead of writ of error. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

The petition for writs of certiorari and supersedeas was filed within the same term of the Circuit Court, and the petition was timely filed. *Buell Gray Motors, Inc. v. Fanburg's Garage*, 202 Tenn. 648, 653, 308 S.W.2d 410, 412 (1957).

In *Uselton v. Price*, 41 Tenn.App. 134, 292 S.W.2d 788 (1956), the court stated:

"Certiorari to review the proceedings of inferior tribunals is not a writ of right, but is issued in the sound discretion of the court." (Citations omitted).

\* \* \* \* \* \*

[T]he well known rule was laid down that, the remedy by certiorari cannot be resorted to as a substitute for appeal, except when a case is made out in the petition showing that the appeal was defeated—

1. By the oppressive or erroneous act of the court or justice.

2. By the willful or negligent act of the clerk.

3. By the contrivance or procurement of the adverse party.

4. By inevitable accident.

5. By the blameless misfortune of the petitioner.

*Id.* at 142, 144, 292 S.W.2d 791, 793.

■ Appellant asserts that the right to appeal was lost, because of a misunderstanding which constituted an inevitable accident or blameless misfortune. We disagree. Neglect on the part of the petitioner is not a ground to grant the writs of certiorari and supersedeas. *Uselton v. Price, supra; Watson v. Wells,* 20 Tenn.App. 611, 103 S.W.2d 30 (1937). Undoubtedly, the trial court did not feel the conduct of appellants was blameless and we do not find anything in the record to cause us to disagree with the trial court. Consequently, we hold the trial court did not abuse its discretion in denying the writ.

The order of the trial court is affirmed and the costs are adjudged against the appellants.

TOMLIN and HIGHERS, JJ., concur.