CHARLES JACKSON,                    )
                                    )
        Petitioner/Appellant,       )
                                    )       Davidson Chancery
                                    )       No.  95-1889-I
VS.                                 )
                                    )       Appeal No.
                                    )       01-A-01-9606-CH-00276
CORRECTIONS CORPORATION OF          )
AMERICA, et al.,                    )
                                    )
        Respondent/Appellee.        )

**FILED**

**March 12, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE


HONORABLE IRVING KILCREASE, CHANCELLOR


TOM ANDERSON #7104
Frankie K. Stanfill #016518
P.O. Box 483
Lexington, TN 38251
ATTORNEYS FOR PETITIONERS/APPELLEES


CHARLES JACKSON #202911
W.T.H.S.F., Route 2
Green Chapel Road
Henning, TN 38041
PRO SE/PLAINTIFF/APPELLANT


**REVERSED, VACATED AND REMANDED**


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

CHARLES JACKSON,                      )
                                      )
        Petitioner/Appellant,         )
                                      )       Davidson Chancery
                                      )       No. 95-1889-I
VS.                                   )
                                      )
                                      )       Appeal No.
                                      )       01-A-01-9606-CH-00276
CORRECTIONS CORPORATION OF            )
AMERICA, et al.,                      )
                                      )
        Respondent/Appellee.          )


# O P I N I O N


The captioned plaintiff has appealed from an order of the Trial Court dismissing his

"Petition for Certiorari pursuant to T.C.A. § 27-8-101" seeking relief from disciplinary action

of the captioned defendants who are employees of Correction Corporation of America, a private

prison contractor. The petition alleges that the disciplinary action (not specified), was taken

violated T.C.A. § 41-24-110 which states:

## "POWER AND DUTIES NOT DELEGABLE TO CONTRACTOR"

> No contract for correctional services SHALL authorize, allow
> or imply a delegation of the authority or responsibility of the
> Commissioner to a prison contractor for any of the following:
>
> (5) Granting, denying or revoking sentence credits; placing
> an inmate under less restrictive custody or more restrictive
> custody; or taking any disciplinary actions.


On August 7, 1995, the defendants moved to dismiss pursuant to T.R.C.P. Rule 12.02(6)

for failure to state a claim for which relief can be granted. The motion refers to a Memorandum

of Law which is not included in the record on appeal.


On August 10, 1995, at 8:52 a.m. the plaintiff filed a ":Reply to Defendants' Motion to

Dismiss which stated:

> It must be note (sic) that the disciplinary hearing summary
> of evidence forms, CR-1834, clear DO NOT bare (sic) the
> signature of the TDOC Liaison, but do in fact bare (sic) the
> CCA employees, indicating (1) evidence that was presented

before them (2) findings of facts relied on by the CCA employees & (3) the disposition and statements as to why the CCA employees made a specific decision as to taking a specific disciplinary action, and then signed by the named CCA employees.

The reply does not state that the document mentioned therein is exhibited to the reply, but three documents entitled "CR 1834" were filed by the Trial Clerk on August 10, 1995, at 8:52 a.m. and bound in the Technical Record following the reply. The documents are entitled "Disciplinary Report Hearing Summary." Script entries under the heading "Finding of Fact" and "Disposition" are illegible. There is no notation in the blanks provided for:

Recommendation of Loss of:

1. Good/Honor Time, Good Condict (sic)
   Sentence Credit         (Amount)      _____
2. Incentive/Times PPSC    (Amount)      _____
3. Other (Specify)         (Amount)      _____

On November 27, 1995, the Trial Clerk filed an order sustaining the motion and dismissing the suit, but the order hears no certificate of service upon the plaintiff. Therefore, the order did not effectively dispose of the case. T.R.C.P. Rule 58.

On January 18, 1996, plaintiff filed a notice of appeal and a "Petition and Motion for Delayed Appeal" asserting that plaintiff did not receive a copy of the order of dismissal until January 11, 1996.

On February 16, 1996, the Trial Judge vacated the November 27, 1995 dismissal; and on February 20, 1996, entered a further order stating:

> After a careful review of the record, the Court finds that the defendants have not violated Tenn. Code Ann. § 41-24-110. Tennessee Department of Correction Policy no. 9502.01 VI (D)(2), provides the following:
>
> The commissioner's designee shall observe all class A and B disciplinary hearings and approve or modify all recommendation of the disciplinary board at the time of the

hearing. In case of Class C infractions where punitive segregation is recommended, the Commissioner's designee must approve/modify the recommendations as soon as possible and prior to the inmate's placement in segregation. If the Commissioner's designee is not present at a Class C hearing at which the Board recommends any punishment other than a verbal warning, the chairperson shall forward all documentation to the commissioner's designee for review prior to punishment.

It is clear from the record in this case that the Disciplinary Board at SCCC only recommended a finding of guilt and possible punishment to the Tennessee Department of Correction liaison, Mr. Overbey. Mr. Overbey approved the Disciplinary Board's recommendation in accordance with policy no. 9502.01. Policy no. 9502.01 clearly does not delegate by contract the authority to take disciplinary action. The disciplinary action and involuntary segregation sentencing were adjudicated in compliance with Tenn. Code Ann. §41-24-110. Hence, the petitioner's claim is without merit.

For the foregoing reasons, the respondent's motion to dismiss for failure to state a claim is granted. State Litigation costs are assessed against the petitioner. All other costs are waived.

This order bears a certificate of service upon the plaintiff.

Plaintiff presents for review the following issues:

Did the Chancery Court err in dismissal of writ certiorari, in holding that T.C.A. § 41-24-110(5), of that prohibit private prison contractors from taking disciplinary actions against inmates, was not violated by appellees who are in fact private prison contractors?

It appears from the judgment of the Trial Court that, in ruling upon the motion to dismiss, the Trial Court considered evidence of facts. Other than the documents filed contemporaneously with the reply of plaintiff to the motion, no evidence is cited or found to support the above findings of the Trial Court.

-4-

A complaint seeking the writ of certiorari must state factual grounds to support the issuance of the writ. Mere use of the general words of the statute is insufficient. *Buel Gray Motors Inc. V. Fanburgs' Garage*, 202 Tenn. 648, 308 S.W.2d 410 (1957).

The complaint states only:

> On May 11, 1995, and May 15, 1995, I was taken before The CCA/SCCF's Disciplinary Board, that was made up of the defendants names within this pleading [Rusty Harville; Paula El-Didi; Roy Hughes; & Rudy Whitson].
>
> These employees of C.C.A. on May 11, 1995, and May 15, 1995, illegally acted as a tribunal/triers of the facts and took disciplinary action against petitioner requiring petitioner to serve punitive segregation time.

The issue of whether the actions of a private corporation having custody of state prisoners are subject to review by certiorari is not presented, and this Court expresses no views thereon.

The judgment under review is a summary judgment based upon facts not supported by evidence in this record.

The judgment of the Trial Court is reversed and vacated and cause is remanded to the Trial Court for further proceedings. Costs of appeal are assessed against the respondent/appellee Corrections Corporation of America.

**REVERSED, VACATED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE