IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS AUGUST 6, 2001

## ANCRO FINANCE COMPANY v. KEVIN JOHNSON v. DYNCORP

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000436-00(1); The Honorable John R. McCarroll, Jr., Judge**

———————————

**No. W2000-02709-COA-R3-CV - Filed October 23, 2001**

———————————

This appeal involves the dismissal of a petition for writs of certiorari and supersedeas brought by a garnishee in circuit court. After the garnishee failed to attend a hearing in general sessions court, a final judgment was entered. Instead of appealing the judgment as a matter of right to the circuit court, the garnishee petitioned the court for writs of certiorari and supersedeas. The circuit court dismissed the garnishee's petition. Because the garnishee failed to show proper grounds for writs of certiorari and supersedeas in lieu of an appeal, we affirm the decision of the circuit court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

T. Lang Wiseman, Paul Hagerman, Memphis, TN, for Appellant Dyncorp

W. Ray Jamieson, Memphis, TN, for Appellee Ancro Finance Company

### OPINION

### Facts and Procedural History

Ancro Financial Company (Ancro) obtained a judgment against Kevin Johnson (Mr. Johnson) in general sessions court on December 4, 1996. The judgment, totaling $7,384.10 plus interest and costs, was never satisfied. More than two years later, on July 22, 1999, Mr. Johnson began employment with Dyncorp. To fulfill the judgment against Mr. Johnson, Ancro caused to be issued a writ of garnishment on the wages earned by Mr. Johnson at Dyncorp on July 29, 1999. The writ indicated that the total amount owed by Mr. Johnson had increased to $15,378.98 due to interest and related costs.

Dyncorp filed an answer to the writ of garnishment, which was received by the general sessions court clerk on August 12, 1999. The answer included a formula to calculate the specific dollar amount to be withheld from Mr. Johnson's wages. Dyncorp, however, failed to follow the formula and omitted information needed to calculate the exempt portions of Mr. Johnson's wages. Specifically, Dyncorp failed to indicate the number of Mr. Johnson's children under the age of sixteen that resided in Tennessee as required by section 26-2-214 of the Tennessee Code. Accordingly, the total amount to be withheld from Mr. Johnson's check and remitted to the court was never calculated or stated in the answer.[1]

Mr. Johnson continued employment with Dyncorp until August 27, 1999, approximately one month after the issuance of the writ. Dyncorp, however, at no time withheld funds or remitted funds to the court clerk as required by section 26-2-214 of the Tennessee Code. Dyncorp's failure resulted from a modification of its computer software, which caused Mr. Johnson's garnishments to be dropped from the computer system. Ancro made several calls to Dyncorp to inquire as to why Dyncorp never "answered" or remitted the garnished funds to the court.[2] Ancro alleges that Dyncorp never provided a satisfactory reason for its failure.

On October 27, 1999, the general sessions court entered a conditional judgment against Dyncorp for $15,378.89, the total amount still owed by Mr. Johnson. Ancro filed a *scire facias* with the court, which stated that a hearing would be held on January 5, 2000, for Dyncorp to show cause why the conditional judgment should not become final. Dyncorp's registered agent was properly served with the *scire facias* on November 30, 1999 and forwarded it to Dyncorp. Dyncorp, however, believing it to be another garnishment, turned it over to its payroll department and never responded. After Dyncorp failed to respond to the *scire facias* or attend the hearing, the court declared the conditional judgment final. The final judgment against Dyncorp totaled $15,433.39.

Dyncorp never appealed the final judgment to the circuit court. Instead, after the issuance of a levy against Dyncorp for the judgment amount, Dyncorp filed a petition for certiorari and supersedeas with the circuit court, asking the circuit court to set aside and vacate the final judgment. Dyncorp alleged in its petition that the general sessions court lacked grounds to grant the conditional judgment and, consequently, erred in declaring the judgment final.

Ancro filed an answer to Dyncorp's petition and a motion to dismiss. Ancro's answer and motion indicated that Dyncorp, having failed to appeal the general sessions judgment, lacked grounds for filing a petition for certiorari and supersedeas. Further, Ancro alleged that Dyncorp's failure to remit the garnished funds to the court or respond to the *scire facias* served as a proper

---

[1] Dyncorp stated in its answer that Mr. Johnson earned a net income of $528.15 weekly and that it would "send 25%." In the line requesting an actual dollar figure, the answer stated that "our system automatically figures it out for us." Where the formula requested the number of Mr. Johnson's children under the age of sixteen, Dyncorp marked "?" in the provided space.

[2] Although Dyncorp filed an answer, the necessary information was not included.

foundation for the general sessions court's ruling against Dyncorp. After the parties failed to reach a settlement, on September 29, 2000, the circuit court dismissed Dyncorp's petition for certiorari and supersedeas. Dyncorp now appeals the circuit court's dismissal of its petition.

## Standard of Review

Writs of certiorari and supersedeas are not granted as a matter of right. Boyce v. Williams, 389 S.W.2d 272, 277 (Tenn.1965). Rather, the decision to issue a writ of certiorari and supersedeas lies in the sound discretion of the trial judge. Id. Accordingly, our review is limited to determining whether the circuit court abused its discretion in dismissing Dyncorp's petition for certiorari and supersedeas.

## Law and Analysis

Writs of certiorari and supersedeas should not be considered general substitutes for appeal. Instead, as stated by this Court in Uselton v. Price, 292 S.W.2d 788 (Tenn. Ct. App. 1956):

> [T]he well known rule was laid down that, the remedy by certiorari cannot be resorted to as a substitute for appeal, except when a case is made out in the petition showing that the appeal was defeated ----
> 1) By the oppressive or erroneous act of the court or justice.
> 2) By the willful or negligent act of the clerk.
> 3) By the contrivance or procurement of the adverse party.
> 4) By inevitable accident.
> 5) By the blameless misfortune of the petitioner.

Id. at 794. Dyncorp's petition for certiorari and supersedeas appear from the record to have arisen as a substitute for an appeal. Accordingly, we must determine whether the circuit court abused its discretion in light of the parameters given in Uselton.

There are only two relevant grounds for granting certiorari in lieu of an appeal in this case: inevitable accidents and the blameless misfortune of a petitioner. Dyncorp, however, has failed to provided any evidence that its appeal was defeated on either such grounds. Dyncorp was properly served with the *scire facias* that indicated a hearing would be held on January 5, 2000 at which time Dyncorp could show cause why the conditional judgment entered against it should not become final. Dyncorp, however, failed to respond to the *scire facias* or attend the hearing. Further, and more importantly, Dyncorp failed to appeal the judgment even after it had notice that the judgment would become final. With no other evidence providing grounds for granting Dyncorp's petition in lieu of appeal, we have no basis to conclude that the circuit court abused its discretion.

This Court was presented with a very similar situation in General Motors Acceptance Corp. v. Dennis, 675 S.W.2d 489 (Tenn. Ct. App. 1984). In Dennis, a defendant in general sessions court failed to attend a hearing after being properly served with process. Id. at 490. The defendant's failure to attend the hearing resulted from a mutual mistake of the defendant and his attorney.

-3-

Instead of appealing, however, the defendant petitioned the circuit court for writs of certiorari and supersedeas. Citing the need for grounds to award writs of certiorari and supersedeas, the circuit court denied the defendant's request. The Dennis court stated, "[n]eglect on the part of petitioner is not a ground to grant the writs of certiorari and supersedeas." Id. at 491 (citations omitted).

The record provides no indication that the petitioner's failure to appeal the general sessions final judgment resulted from anything other than neglect. Thus, no grounds exist for granting Dyncorp's petition for certiorari and supersedeas. Accordingly, we pretermit issues raised by Dyncorp concerning the merits of the general sessions judgment or whether Dyncorp's actions at the general sessions level were excusable.

## Conclusion

Based on the foregoing conclusions, we hereby affirm the decision of the circuit court. Costs on appeal are assessed against Dyncorp, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE