IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 7, 2002

## STATE OF TENNESSEE v. TIMMY HERNDON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 85-06075, 85-06076      Joseph B. Dailey, Jr., Judge**

------------------

**No. W2001-02981-CCA-R3-CD - Filed May 2, 2003**

------------------

In this *pro se* appeal the appellant, Timmy Herndon, is seeking review of the trial court's order denying his "Motion to Rectify Clerical Mistakes Pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure." In that motion the appellant claims that, following his conviction of aggravated robbery, the pre-sentence report prepared prior to sentencing the appellant contained information regarding convictions which should have been "purged" from his criminal history because he had successfully completed some type of diversionary program for those offenses. As a result of this allegedly "improper" information, the appellant claims he was erroneously sentenced as a Range II multiple offender. In addition, he claims that the pre-sentence report with the "purged" convictions is interfering with the appellant's ability to obtain a favorable security classification within the Department of Correction. The appellant wanted the trial court and now wants this Court to "rectify" the pre-sentence report to delete any reference to these "purged" convictions.

We hold that under the circumstances presented, this Court has no jurisdiction to entertain a direct appeal from the denial of a motion filed pursuant to Tennessee Rule of Criminal Procedure 36, and that the circumstances do not warrant granting review by way of certiorari or habeas corpus. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Timmy Herndon, Whiteville, Tennessee, *pro se*.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Wright, Assistant District Attorney General, for appellee, State of Tennessee.

# OPINION

## Background

On February 17, 2000, the appellant was found guilty by a jury of the offense of aggravated robbery. He was sentenced to a term of fifteen years in prison as a Range II multiple offender. This Court subsequently affirmed the appellant's sentence. See State v. Timmy Herndon, No. W2000-01228-CCA-MR3-CD, 2001 WL 846033 (Tenn. Crim. App. at Jackson, July 20, 2001).

On July 30, 2001, the appellant filed a *pro se* "Motion to Rectify Clerical Mistakes Pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure." In this motion the appellant alleges that certain prior convictions that were "purged" from his criminal record nevertheless appear in the pre-sentence report and that these prior convictions were considered by the trial judge in sentencing the appellant as a Range II multiple offender. In addition, the appellant maintains that these "purged" convictions also cause him to be denied a favorable security classification within the Department of Correction.

## Tennessee Rule of Criminal Procedure 36

Tennessee Rule of Criminal Procedure 36 provides:

> Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Tenn. R. Crim. P. 36. This rule gives trial courts in criminal cases limited jurisdiction to correct clerical errors or mistakes in the record even though the case has become final. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996).

In the instant case, there does not appear to be any clerical error or mistake in the pre-sentence report which reflects the appellant's criminal history. There are a number of notations in the official criminal records check that indicate various offenses were "purged" as appellant has alleged, thus there is no mistake in the record regarding the status of these prior convictions to correct. A rule 35 motion is not proper under these circumstances. Moreover, trial court orders denying motions to correct sentences are not appealable as a matter of right. Tenn. R. App. P. 3(b); Cox v. State, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001).

Therefore, to the extent that this record presents only an appeal from the denial of a motion to correct a sentence this case is not properly before this Court.

## Habeas Corpus or Certiorari

The relief that the appellant really seeks in this case is not a correction of a clerical error or mistake, but rather a reduction in his sentence and a more favorable security classification by removing these "purged" convictions from his record. A void sentence may be reviewed by a properly filed petition for the writ of habeas corpus. Tenn. Code Ann. §§ 29-21-104, -107(a);

Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). In the instant case however, the appellant has not met the statutory requirements for a properly filed habeas corpus petition. Moreover, nothing on the face of the judgment of conviction and sentence show that the sentence is void. Thus, we decline to treat this case as an appeal of a denial habeas corpus relief.

Finally, appellate courts have on rare occasions reviewed illegal sentence claims by way of the writ of certiorari. However, this writ is used to review an inferior tribunal "exceeding its jurisdiction" when "there is no other plain, speedy, or adequate remedy." Tenn. Code Ann. § 27-8-101 (2000); Cox, 53 S.W.3d at 294. Thus, the writ may not be ordinarily granted as a substitute for an appeal unless the petitioner can show sufficient cause for having failed to pursue an appeal when an appeal was provided. Gen. Motors Acceptance Corp. v. Dennis, 675 S.W.2d 489, 490 (Tenn. Ct. App. 1984). In the instant case, the appellant has not indicated why in his direct appeal of his conviction he did not seek review of the trial court's alleged consideration of these "purged" convictions. Moreover, there is nothing in the record before us that indicates the trial court exceeded its jurisdiction. Under these circumstances we are of the opinion that there is no basis for treating this case as a petition for review by way of certiorari.

In summary, there is no basis in the instant case for this Court to entertain an appeal of the denial of the appellant's petition. Accordingly, the appeal is dismissed.

_____
JERRY L. SMITH, JUDGE