# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 2, 2010 Session

## CHARLES D. STECHEBAR v. DEERE & COMPANY & JOHN DOE

**Appeal from the Circuit Court for Knox County**
**No. 3-57-09      Wheeler A. Rosenbalm, Judge**

---

**No. E2009-01514-COA-R3-CV  - FILED JUNE 29, 2010**

---

This case concerns a complaint for review by writ of certiorari and supersedeas. The initial action was a personal injury suit, arising from an automobile accident in which Plaintiff Charles D. Stechebar's vehicle was allegedly hit by a tractor-trailer owned by Defendant Deere and Company ("Deere") and driven by Defendant John Doe, an unidentified employee of Deere. The personal injury suit was dismissed with prejudice in the general sessions court when the plaintiff failed to appear for the initial trial date. The record reflects that twelve days before the initial trial date, the plaintiff had filed an amended civil summons and obtained a new trial date. Fifty days after the dismissal, the plaintiff filed an appeal to the circuit court, asserting that he had not been notified of the dismissal in time to file an appeal within the ten-day window required by Tenn. Code Ann. § 27-5-108(a)(1). The circuit court dismissed the appeal for lack of jurisdiction. The plaintiff then filed the complaint for review by statutory writ of certiorari and supersedeas. The circuit court granted the defendant's motion to dismiss the writ on the ground that the plaintiff failed to state a claim for which review could be granted. We hold that the plaintiff stated a claim for relief under statutory writ of certiorari and supersedeas. The trial court's judgment is reversed and the case remanded to the trial court for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Reversed and Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. and D. MICHAEL SWINEY, J. joined.

Timothy L. Baldridge, Knoxville, Tennessee, for the appellant, Charles D. Stechebar.

Linda J. Hamilton Mowles, Knoxville, Tennessee, for the appellee, Deere &Company.

## OPINION

## I. BACKGROUND

The accident giving rise to this action occurred on February 15, 2007, in Knoxville. Plaintiff Charles D. Stechebar alleges that he was driving in a westerly direction on Interstate 40 when his vehicle was struck by a John Deere tractor trailer, owned by Defendant Deere and Company ("Deere") and driven by an unidentified employee of Deere, John Doe.[1]  Mr. Stechebar brought an action in General Sessions Court for compensatory and punitive damages, claiming property damage and personal injuries.  The General Sessions Court dismissed Mr. Stechebar's complaint with prejudice when Mr. Stechebar failed to appear for the initially scheduled trial date of April 30, 2008.  Seeking relief, Mr. Stechebar filed an appeal in Circuit Court ("trial court") fifty days after the dismissal.  The trial court dismissed the appeal for lack of jurisdiction because it was filed outside the ten-day window required under Tenn. Code Ann. § 27-5-108(a)(1).

The following procedural events are a matter of record:

February 14, 2008:
Mr. Stechebar filed a Civil Summons with the General Sessions Court and obtained a court date of April 30, 2008.

February 20, 2008:
Process of the Civil Summons was served upon Deere.

April 18, 2008:
Mr. Stechebar filed an Amended Civil Summons, attaching medical records and bills, and obtained a court date of August 18, 2008.

April 30, 2008:
Deere appeared in General Sessions Court, and Mr. Stechebar did not appear. The court dismissed Mr. Stechebar's complaint with prejudice.

May 14, 2008:
Process of the Amended Civil Summons was served upon Deere.

June 19, 2008:
Mr. Stechebar filed an appeal to the Circuit Court.

---

[1]John Doe is not a party to this appeal.

June 25, 2008:
The Circuit Court dismissed Mr. Stechebar's appeal for lack of jurisdiction.


Mr. Stechebar's counsel asserts that after filing the Amended Civil Complaint, his paralegal called the General Sessions Clerk's Office to confirm that the case would be taken off the docket for April 30, 2008, and was told that the case was no longer on the docket for that day. Mr. Stechebar also claims that he relied on the General Sessions Clerk's Office to serve Deere because he did not know who the counsel representing Deere would be or where to reach said counsel.

Mr. Stechebar did not receive notification of the dismissal. He learned of it on June 9, 2008, and filed an appeal with the trial court ten days later. Mr. Stechebar further asserts that he was unaware that the trial court had dismissed his appeal for lack of jurisdiction until he asked the court about the appeal's status on December 3, 2008, over five months after it had been dismissed.

Mr. Stechebar filed a Complaint for Review by Certiorari and Supersedeas with the trial court. The court issued a writ of certiorari in lieu of appeal on February 20, 2009. Deere moved to dismiss the writ. The trial court granted the dismissal on June 23, 2009, holding that Mr. Stechebar failed to state a claim on which relief could be granted for the extraordinary relief of a writ of certiorari and supersedeas. As noted in the transcript of the proceedings, the trial court concluded:

> I must most respectfully conclude that this attempt to shift the blame to the General Sessions Court and the clerical staff of that court is misplaced. And frankly the attempt to change this trial date that affected a party or parties in this lawsuit unilaterally is what created the problem here, and so I cannot construe the complaint as amended as sufficient to state a claim upon which relief can be granted for the extraordinary writ of certiorari supersedeas, and accordingly the motion to dismiss the complaint as amended is respectfully granted.

This appeal followed.


## II. ISSUE

Mr. Stechebar raises a sole issue on appeal, which we restate as follows:

Whether the trial court erred in dismissing Mr. Stechebar's Complaint for Review by Certiorari and Supersedeas on the ground that it failed to state a complaint for which relief could be granted under Tennessee Rule of Civil Procedure 12.02.

## III. STANDARD OF REVIEW

A writ of certiorari and supersedeas is not granted as a matter of right, and the decision to issue such a writ rests within the discretion of the trial court. *Ancro Fin. Co. v. Johnson*, No. W2000-02709-COA-R3-CV, 2001 WL 1298913, at *2 (Tenn. Ct. App. W.S., Oct. 23, 2001) (citing *Boyce v. Williams*, 389 S.W.2d 272, 277 (Tenn. 1965)); *see also Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999). In this case, the trial court had issued the writ of certiorari and supersedeas but then granted Deere's motion to dismiss the writ. A motion to dismiss brought under Tenn. R. Civ. Pro. 12.02(6) "test[s] the sufficiency of the complaint, not the strength of the plaintiff's evidence." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003). This court will accept the factual allegations contained in the complaint for review by certiorari and supersedeas as true and review the trial court's conclusions of law *de novo* with no presumption of correctness. *Id.*

## IV. ANALYSIS

Two actions for review by writ of certiorari and supersedeas are available in Tennessee: one under the common law and one under Tenn. Code Ann. § 27-8-101 et seq. The scope of review under the common law writ of certiorari and supersedeas is "limited to a determination of whether the inferior tribunal or board which exercised its judicial functions has exceeded its jurisdiction or acted illegally, fraudulently or arbitrarily." *Yokley v. State*, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981); *see also Spunt v. Fowinkle*, 572 S.W.2d 259, 265 (Tenn. Ct. App. 1978). The scope of review for the statutory writ of certiorari further lies:

(1)     On suggestion of diminution;
(2)     Where no appeal is given;
(3)     As a substitute for appeal;
(4)     Instead of audita querela; or
(5)     Instead of writ of error.

Tenn. Code Ann. § 27-8-102 (2000).

Mr. Stechebar asserts in his appellate brief that both the common law writ of certiorari and the statutory writ of certiorari are appropriate vehicles for relief in this case. Mr. Stechebar alleges procedural errors on the part of the general sessions court, stating that "essential forms of law have not been observed and followed." Accepting Mr. Stechebar's factual allegations as true for the purpose of review, we find no allegations that would rise to the level needed to show that the lower court acted in the illegal, fraudulent, or arbitrary manner that would be required for review under a common law writ of certiorari. *See, e.g., Willis*, 113 S.W.3d at 714 (holding that petitioner/prisoner had stated a claim upon which relief could be granted under common law writ of certiorari when the claim alleged that a prison disciplinary board's actions "deviated substantially" from its own stated procedures); *Yokley*, 632 S.W.2d at 126-27 (noting "certain exceptions" to the limited review function of the common law writ of certiorari in criminal cases that applied "where personal freedom was at stake--not in a civil suit for damages").

However, under the statutory scheme, Mr. Stechebar states clearly that he is seeking a writ of certiorari in lieu of appeal. *See* Tenn. Code Ann. § 27-8-102(3). A petitioner may resort to a writ of certiorari as a substitute for appeal only when it can be shown that the appeal was defeated:

1. By the oppressive or erroneous act of the court or justice.
2. By the willful or negligent act of the clerk.
3. By the contrivance or procurement of the adverse party.
4. By inevitable accident.
5. By the blameless misfortune of the petitioner.

*Gen. Motors Acceptance Corp. v. Dennis*, 675 S.W.2d 489, 490-91 (Tenn. Ct. App. 1984) (quoting *Uselton v. Price*, 292 S.W.2d 788 (Tenn. Ct. App. 1956)). Mr. Stechebar contends that his claim was dismissed, and he ultimately did not know of the need to file a timely appeal, because the general sessions court "clerk was negligent in her failure to advise the Judge of the Amended Civil Summons and new trial date, and that negligence allowed Defendant to proceed with a dismissal of the case." Mr. Stechebar also argues that what "has transpired can be considered nothing short of an inevitable accident" and that the petitioner is the victim of "blameless misfortune."

Deere cites several cases in which a statutory writ for certiorari has been dismissed because the petitioner's neglect or lack of diligence helped to cause the situation giving rise to the petition. As this court noted in *Dennis*, "[n]eglect on the part of the petitioner is not a ground to grant the writs of certiorari and supersedeas." 675 S.W.2d at 491. The petitioner in *Dennis* failed to appear for a court date "through a mutual mistake" between attorney and client in which each thought the other would appear to ask for a continuance. *Id.* at 490.

When the court entered a judgment against the petitioner in *Dennis*, the petitioner also failed to file an appeal and instead filed only the petition for writ of certiorari. *Id.* Similarly, in *Ancro Fin.*, this court held that there were no grounds for granting certiorari in lieu of appeal when the petitioner Dyncorp had misunderstood a properly served *scire facias*, failed to appear at the subsequent hearing, and failed to appeal the subsequent judgment against it. 2001 WL 1298913, at *2.

In the case at bar, Mr. Stechebar relied on a new trial date obtained when he filed the Amended Civil Complaint and a follow-up phone call to the clerk's office to assure that his case was removed from the docket on the original court date of April 30, 2008. Mr. Stechebar also relied on the clerk's office to give notice to Deere of a new court date. Ideally, Mr. Stechebar would also have researched the identity of Deere's counsel, perfected notice to Deere, and made certain that a hearing had not occurred on April 30 before the ten-day window for appeal under Tenn. Code Ann. § 27-5-108(a)(1) had closed. However, Mr. Stechebar did not commit the type of overt error or neglect represented by the petitioners in *Dennis* and *Ancro*. The Amended Civil Summons, with its reset date, was a part of the general sessions court file when the original complaint was dismissed on April 30, 2008. The fact that the court missed this in the file appears to be the result of an inadvertent mistake. It would be an inequitable result for Mr. Stechebar to lose his day in court due to such a mistake. *See Willis*, 113 S.W.3d at 712 (noting with approval the grant of a common law writ of certiorari to remedy "proceedings that effectively deny a party his or her day in court") (citing *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn. 1980)).

## V. CONCLUSION

Because Mr. Stechebar's opportunity for appeal was defeated by an erroneous act of the court, the trial court's dismissal of his writ of certiorari and supersedeas is reversed. This case is remanded to the trial court for further proceedings in accordance with the writ of certiorari and review of substantive issues. Costs on appeal are taxed to the appellee, Deere and Company.

_____
JOHN W. McCLARTY, JUDGE