Opinion of the court delivered by
Judge Peck.
One fact m this case is made apparent ,that the petitioner did pray an appeal, and believed the same regularly granted; had his expectations been realized, the injunction would have been continued by the appeal. The point presented for the consideration of this court is, can we, by petition, place the party in the situation he would have occupied, had he not been deprived of the benefit of his appeal.
It is said, that when an injunction is dissolved by an inferior jurisdiction this court cannot restore it; that is true where the dissolution is interlocutory only. But the present is not the case — here the dissolution of the injunction is the consequence of a final disposition of the cause, from which the party was entitled to his appeal, the effect of which, would be not to restore the injunction, but to continue it until the final hearing in the tribunal appealed to — because this dissolution is not an interlocutory order, but the consequence of a final decree.
The next point to he considered is, was there any other mode. It is said, the Chancellor on application could su-percede his own execution until the succeeding term and then the entry of the appeal prayed and granted could he granted “now for thenwhy is that the preferable mode. 1st. It would be productive of more delay. 2nd. What could the Chancellor do with his judgment or decree after his term had passed by? to allow him to super-cede after adjournment would in effect be to keep the court always open.
But why shall not this court act. The proceeding is not inconsistent with the law, which authorizes alike the present on presentation to one of the judges of a copjoi the record. And what is the difference between staying *295 the mischief on petition merely. Where it is shewn the record is not ready to be presented, and that for reasons the party had not the power to control — in ordinary cases, the petition and the record must be presented together— no appeal having been prayed. The difference in the cases, arises from the accident, which has intervened to the applicant’s injury, — a neglect in the clerk to make .an entry of the appeal granted.
The writs of certiorari and supersedeas being constitutional writs, the power of resorting to them ought not to be abridged — by the constitution these writs are given to superior jurisdictions, and may be used as auxiliaries to the exercise of such jurisdiction. They ought always to be used on a proper case shewn, to prevent mischief.
Pledged as I am to support the constitution, and finding in that instrument ample power to use those writs: nay, called on to do so for the furtherance of justice. I will not fall short of what I deem the exercise of an indispensable discretion, by referring to the constitutional use of this writ in a case of hardship.
I will follow my predecessors in rules already established, but must feel myself untrammelled where such rules are not found to restrain me. I am satisfied this is a proper case to establish an additional rule — for it is just as important to establish rules calculated to make inferior jurisdictions vigilant, in entering full and faithful memorials of what they may do, as to correct what they may record, if found to be erroneous. It is as much a part of the law that a full record shall be kept and signed — as that which gives the court authority to meet and adjudicate: and where the memorial is latent that part cannot otherwise be shewn them by petition, and if the memoran-da on the-minutes would-be sufficient for the Chancellor to make an entry nunc pro tunc, why shall it not be a sufficient shewing of a fact from which to infer intention to prosecute an appeal, to say the least of it, such me-moranda comes in aid of the petition.
It is said, let the party collect the money; that is what áe wants, and his adversary, the petitioner, in the mean *296 while can go on with his writ of error. This argument evjnces s^rong reas0ns for sustaining the present proceed- — for if a dissolution had been ordered before final hearing, such order,under our practice, would be followed, and ofder to give security to refund. Collect the money as asked for in this case, and the petitioner loses his security to refund; say it arises from accident or artifice and either would be sufficient for my purpose.
F. B. Fogg, for petitioner.
O. B. Hays, for defendants.
I am for holding up the petition and filing the record, as if brought here by his appeal.