IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 14, 2009 Session

## CHRIS YOUSIF, d/b/a QUALITY MOTORS, v. NOTRIAL CLARK and THE CIRCUIT COURT OF KNOX COUNTY

Direct Appeal from the Circuit Court for Knox County
No. 1-565-07     Hon. Dale Workman, Judge

———————————————

No. E2008-02626-COA-R3-CV - FILED JANUARY 13, 2010

———————————————

Petitioner filed for a writ of certiorari after his bank accounts were attached for a judgment which had been entered by the Sessions Court against him. The petition alleged that petitioner was unaware of the judgment against him and had not been served with service of process in the Sessions Court. The Trial Court granted the petition and considered a motion to dismiss by the respondent. The writ was dismissed and petitioner has appealed. On appeal we hold that the Trial Court erred in dismissing the petition and remand for further proceedings on the writ.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., joined, and JOHN W. MCCLARTY, J., dissented and filed an opinion.

Michael L. Powell, Knoxville, Tennessee, for appellant.

David H. Dupree, Knoxville, Tennessee, for appellee.

### OPINION

Appellant/petitioner, Chris Yousif d/b/a Quality Motors, petitioned the Circuit Court of Knox County, Tennessee for a writ of certiorari to the General Sessions Court for Knox County, The petition sets forth the following facts:

1.      On March 2, 2006 a civil warrant, numbered 13055G, was filed in the

General Sessions Court for Knox County by Notrial Clark against Quality Motors and Ali Kahlil in which Ms. Clark alleged: "I brought [sic] a car. He sold it to someone want [sic] give me another one. Told me I have to take a lost [sic]." A copy of the civil warrant was attached to the petition.

2.      The civil warrant had a service of process return that stated "[s]erved on atty Michael Shipwash for Def." In fact, Mr. Shipwash did not inform Mr. Yousif of the warrant, though he did inform Mr. Kahlil. The name of Chris Yousif does not appear on the warrant[1].

3.      On June 14, 2006, an alias civil warrant, numbered 13055G, was filed in the general sessions court which added Select Auto as a defendant.[2] The service of process return is difficult to read, but appears to stated that atty Ted Lowe was served but does not indicate who he represented. The name of Chris Yousif does not appear on the warrant.

4.      Quality Motors and Select Auto were located adjacent to each other on Clinton Highway in Knox County. Mr. Kahlil, d/b/a Select Autos, sold the car at issue to Ms. Clark.

5.      Mr. Yousif knew that a suit had been filed against Mr. Kahlil, but he did not know he had been named as a defendant also. Mr. Kahlil told Mr. Yousif that the matter would be taken care of and it would be dismissed. Based on Mr. Kahlil's representations, Mr. Yousif did not attend a hearing of the matter on July 10, 2006.

6.      On July 10, 2006, following the hearing, Mr. Kahlil told Mr. Yousif that the matter had been taken care of. To the contrary, a default judgment had been entered against Mr. Yousif and Mr. Kahlil had been dismissed.

7.      Mr. Yousif became aware of the default judgment in August 2007 when the clerk of the general sessions court executed the judgment against his bank account in the sum of $3,500.00. The funds were deposited with the clerk of court.

8.      Mr. Yousif filed a motion to quash the execution. The general sessions court informed him that it was without authority to alter or amend the judgment and the statutory ten days in which to file an appeal had expired.

---

[1] It is undisputed that Quality Motors is a d/b/a for Chris Yousif.

[2] It is undisputed that Select Auto is a d/b/a for Ali Kahlil.

2

9.  Petitioner asked that a writ of certiorari be issued out of the circuit court to the general sessions court, commanding that the judgment entered against Quality Motors and Mr. Yousif be set aside and that the funds held by the clerk of court by returned to Mr. Yousif.

The Circuit Court issued a writ of certiorari to the General Sessions Court on November 29, 2007 and the record was forwarded to the Circuit Court from the Sessions Court. The record consists of the civil warrant no. 13055G; the alias civil warrant no. 13055G; a letter, dated May 2006, from attorney Michael S. Shipwash to the clerk of the General Sessions Court which stated that he had agreed to represent Mr. Kahlil in the lawsuit at issue but withdrew when he discovered a conflict; two orders, dated October 22, 2007 and November 14, 2007 regarding the retention of the funds garnished from Mr. Yousif's account by the clerk of court and Mr. Yousif's motion to quash the July 10, 2006 judgment.

Ms. Clark filed an answer to the petition for a writ, admitting that she dealt with Mr. Kahlil when she purchased the car but she believed that he had sold the car to her on behalf of Mr. Yousif and Quality Motors. She attached a contract and a finance agreement in connection with the sale which were both on Quality Motors' letterhead.

Ms. Clark then filed a motion to dismiss the petition for failure to state a claim upon which relief could be granted. The basis of the motion was that although Mr. Yousif claims that he had no knowledge that the suit was against him, he admitted in his petition that he knew of the suit and discussed it with Mr. Kahlil at least twice. Based on this admission of Mr. Yousif, Ms. Clark maintained that Yousif's assertion that he had no knowledge of the suit against him was "disingenuous". Later, Ms. Clark filed a motion to dismiss for failure to join an indispensable party, i.e., Mr. Kahlil.

The matter was heard before the Trial Judge on July 25, 2008, and the Judge entered an order dismissing Mr. Yousif's petition. The Trial Court merely stated that it found respondent's motion to dismiss well taken and that the motion to dismiss for failure to join a indispensable party was moot. Subsequently, petitioner filed a motion to alter or amend the order of dismissal and a motion to amend the petition. The amended petition contained a statement that Mr. Shipwash did not have authority to accept service for Mr. Yousif, and when the motions were heard, they were both denied.

Petitioner, on appeal, raises this issue:

Did the Circuit Court err when it dismissed the petition for certiorari?

Generally, evidence is not entertained by the Court when considering a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim. *See* Tenn. R. Civ. P. 12.03. However, Tenn. Code Ann. § 27-8-116 provides the following exception to the rule: "On motion to quash or dismiss a writ of certiorari granted in lieu of an appeal, issue may be taken and proof heard upon the

facts alleged in the petition as ground for not appealing, which issue shall thereupon be determined by the court." The record does not provide any information regarding whether evidence was presented to the Circuit Court regarding why the writ was filed instead of an appeal or whether the Court considered the evidence contained in the record from the General Sessions Court. We will only consider the allegations set forth set forth in the petition for writ of certiorari when deciding whether the Trial Court was correct when it dismissed the petition.

The Tenn. R. Civ. P. 12.02(6) motion tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action as a matter of law. In ruling upon a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true. The motion to dismiss should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. In considering an appeal of this nature, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. *Guth v. Suntrust Bank, Inc.*, No. E2006-00212-COA-R3-CV, 2007 WL 1135488 at *2 (Tenn. Ct. App. Apr. 17, 2007)(citing *Bell v. Icard,* 986 S.W.2d 550, 554 (Tenn.1999)(citing Tenn. R. App. P. 13(d); *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn.1997); *Pursell v. First American Nat'l Bank,* 937 S.W.2d 838, 840 (Tenn.1996); *Cook v. Spinnaker's of Rivergate, Inc.,* 878 S.W.2d 934, 938 (Tenn.1994)).

The writ of certiorari derives from Article 6, Section 10 of the Constitution of Tennessee, but the practice with respect to how and when it may be obtained is set forth in statutory provisions enacted by the General Assembly. *Tragle v. Burdette,* 222 Tenn. 531, 438 S.W.2d 736, 737 (1969). The remedy of certiorari is not available as of right, but is only to be granted under unusual or extraordinary circumstances. *Clark v. Metropolitan Gov't of Nashville,* 827 S.W.2d 312, 316 (Tenn. App.1991). The writ may also not take the place of an appeal when an express provision for an appeal is available. *Tragle* at 737; *Sullivan v. Cocke,* 167 Tenn. 253, 68 S.W.2d 933 (1934); although, there are some circumstances such as fraud, contrivance by the opposing party or the court, or the willful or negligent act of the court clerk that will excuse the failure to pursue an available appeal and permit review by way of certiorari. See e.g. *McMurry v. Milan,* 32 Tenn. 176 (1852); *Belcher v. Belcher,* 18 Tenn. 121 (1836); *Kearney v. Jackson,* 9 Tenn. 294 (1830); *General Motors Acceptance Corp. v. Dennis,* 675 S.W.2d 489 (Tenn. App. 1984). Neglect on the part of the petitioner is not a ground to grant the writs of certiorari. *General Motors Acceptance Corp. v. Dennis*, 675 S.W.2d 489, 491 (Tenn. App. 1984)(citing *Uselton v. Price, supra; Watson v. Wells,* 20 Tenn. App. 611, 103 S.W.2d 30 (1937)).

Mr. Yousif did not appeal the General Sessions Court's default judgment against him to the Circuit Court within ten days of entry of the judgment as provided by T. C. A. § 27-5-108(a)(1). The petition sets forth the reason he did not timely file an appeal, i.e., he was unaware that he had been sued or that a default judgment had been entered against him until more than one year after entry of the judgment. Mr. Yousif claims in his petition that he did not attend the Sessions Court hearing or otherwise defend himself in this matter because he did not know he had been sued.

4

Although the service of process return on the civil warrant shows that an attorney named Michael Shipwash was served for the defendant, Mr. Yousif asserts that Mr. Shipwash never told him about the warrant. The petition shows that Mr. Yousif discussed the suit with Mr. Kahlil and he knew Mr. Kahlil was a defendant but he did not understand that his business, Quality Motors, was also a defendant. According to Yousif, Mr. Kahlil told him that the matter was would be taken care of and that the case would be dismissed. Yousif admitted that he knew of the hearing on July 10, 2006, but he did not attend because he was not aware he was a defendant. After the hearing, Kahlil told Mr. Yousif "everything had been taken care of", but Mr. Yousif only became aware of the default judgment entered against him in August 2007 when the clerk of court garnished his bank account for the amount of the judgment.

Respondent, Ms. Clark, argued in her motion to dismiss that petitioner did not assert sufficient grounds to sustain a writ. She did not argue that Mr. Yousif had been served with process but, rather, that he was "disingenuous" when he asserted that he had no knowledge of the suit based on the facts he alleged in the petition. The Circuit Court merely stated that "this Court finds Respondent's motion to dismiss to be well taken." We can only conclude that the Circuit Court agreed with the respondent's argument as set forth in the motion to dismiss.

However, the argument is fallacious for two reasons. First, Mr. Yousif never stated that he did not know of the suit, as respondent contends. He represented in his petition that although he was aware of the suit, he did not know he was named as a defendant. Second, and more importantly, even if Mr. Kahlil had told Mr. Yousif that they were both defendants, a fact which is not alleged in the petition, such knowledge would not serve as a substitute for service of process as required by statute.

The applicable statutes that set forth the service of process requirements for a suit filed in general sessions court are as follows:

> Tenn. Code Ann § 16-15-901 (a) Upon filing of civil warrants, writs and other papers the clerk of the general sessions court wherein such civil warrants, writs or other papers are filed, shall issue the required process, writs or other papers, and cause it or them, with necessary copies of the civil warrant, writ or papers, to be delivered for service to such person authorized to serve process as may be designated by the party filing such civil warrant, writ or other papers or such party's attorney if represented by counsel. Such authorized person shall serve the civil warrant, writ or other papers, and the return endorsed thereon shall be proof of the time and manner of service. A civil warrant, writ or other papers may be issued for service in any county against any defendant, or additional defendants.

> T. C. A. § 16-15-902 (a) Any person serving the process from the general sessions court shall promptly and within the time during which the person is served must respond, make proof thereof to the court and shall identify the person served and shall describe the manner of service.

5

T. C. A. § 16-15-903 Service shall be made as follows:

(1) Upon an individual other than an unmarried infant incompetent person, by delivering a copy of the warrant, writ or other papers to the individual personally, or if the individual evades or attempted to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Mr. Kahlil did not claim that Mr. Yousif was properly served, nor did the Circuit Court conclude that service of process was correctly accomplished. Respondent and the Court seem to have agreed, that Yousif's knowledge of the existence of the suit and his knowledge of the hearing date was a proper substitute for service of process. Cases hold otherwise. This issue was addressed in *Watson v. Garza*, No. W2007-02480-COA-R3-CV, 2008 WL 4831300 at * 1 (Tenn. Ct. App. Nov. 7, 2008). The issue on appeal in *Watson* involved a motion to dismiss for insufficient service of process. The summons issued for service on the defendant-appellee was served by the deputy sheriff on a co-defendant who later delivered the summons to defendant-appellee. The trial court granted the defendant-appellee's motion to dismiss and the court of appeals affirmed. *Watson* at *2. The Court reasoned that because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding. *Watson* at *2. The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules. *Watson* at *2. Similarly, in *In re Estate of Graham,* No. 85-114-11, 1986 WL 3156 (Tenn. App. Mar. 12, 1986) the Court held that notice by service of process in some manner provided by law is essential to give the trial court personal jurisdiction over the parties, and without jurisdiction, judgment against a defendant who is not before the court is void and subject to attack. *Graham* at *2 (citing *Overby v. Overby,* 224 Tenn. 523, 525, 457 S.W.2d 851, 852 (1970); *Boyd v. Baynham,* 24 Tenn. (5 Humph.) 385, 386 (1844); *Rooney v. Callins,* 62 Tenn. App. 105, 124, 459 S.W.2d 430, 438 (1970); and *Johnson v. McKinney,* 32 Tenn. App. 484, 492, 222 S.W.2d 879, 883 (1949)).

Based on the foregoing case law, the Trial Court erred when it dismissed the petition for writ of certiorari.

Accordingly, we vacate the Order of Dismissal and remand to the Circuit Court for further proceedings consistent with this opinion. The cost of the appeal is assessed to Notrial Clark.

_____    _____
HERSCHEL PICKENS FRANKS, P.J.

6