IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 20, 2015 Session


**TOMMY BURNEY HOMES v. WAYNE K. FRANCIS**


**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVGS131012     John H. Gasaway, III, Judge**

_____

**No. M2014-00729-COA-R3-CV – Filed August 12, 2015**

_____

Plaintiff filed a detainer warrant to regain possession of property and for unpaid rent; the warrant was served upon the father of the purported lessee. The General Sessions Court initially entered a default judgment, allowing Plaintiff to regain possession of the property; several months later the court entered a default judgment for damages against the purported lessee. Eight years later Plaintiff sought to execute on the judgment by issuing a garnishment. The judgment debtor moved to quash the garnishment and to set aside the money judgment on the ground that there was no personal service on any defendant and that the money judgment had not been entered against the judgment debtor. The court granted the motion and held that the judgment was void; Plaintiff appealed to Circuit Court. After a hearing, the Circuit Court reinstated the money judgment; the lessee appeals. Holding that the lessee was not properly served for purposes of entry of a default judgment for money, we reverse the ruling of the Circuit Court and dismiss the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Dismissed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P. J., M. S., and ANDY D. BENNETT, J., joined.

Robert T. Bateman, Clarksville, Tennessee, for the appellant, Robert Wayne Francis.

Mart G. Fendley, Clarksville, Tennessee, for the appellee, Tommy Burney Homes.

**OPINION**

Tommy Burney Homes ("Plaintiff") filed a detainer warrant in the General Sessions Court for Montgomery County on June 7, 2004, naming as defendant "Wayne K. Francis," and seeking to recover the possession of property located at 151 Village Way, Clarksville, Tennessee.[1] Plaintiff also sought a money judgment for rent, damages, attorney fees, and court costs; the amount stated on the warrant was "$4,266.75 plus contract damages." The return of service recorded on the warrant, dated June 12, recites: "Served by reading and leaving a copy with Defendant Father same household."

On July 7, 2004, the court entered a default judgment for possession of the property; the warrant recites that hearings on damages were set for August 11, September 8, and October 6. The warrant shows that a default judgment awarding $9,844.16 in damages was entered on October 6, 2004.

On December 12, 2012, a garnishment was issued and served on Turner Construction Company, naming "Wayne K. Francis" as garnishee, seeking to collect the total sum of $17,760.89, which represented the judgment amount of $9,844.16 plus $7,916.73 in interest. Although not reflected in the record, Appellant states in his brief on appeal that "the garnishment was sent to the employer of Robert Wayne Francis. The employer refused to honor the garnishment because the Defendant/Garnishee's name did not match the name of their employee, Robert Wayne Francis." A second garnishment was issued on March 6, 2013, naming "Wayne Francis" as garnishee. Son moved to quash the garnishment and to set aside the default judgment on the grounds that he was never served with process and that the judgment was not against him, but against "Wayne K. Francis"; the court granted the motion on April 17 and Plaintiff appealed to the Circuit Court for Montgomery County.

Following a hearing[2], the Circuit Court reversed the decision of the General

---

[1] There is no person involved in this suit named "Wayne K. Francis"; rather, that name has been erroneously used by Plaintiff in various respects. The captions of the case in the General Sessions Court and the Circuit Court identify "Wayne K. Francis" as the defendant. Robert Wayne Francis appeared and filed a pleading in General Sessions Court; the record does not contain an appearance of or any pleadings filed by Robert Wayne Francis in the Circuit Court, although he testified at a hearing in that court. Robert Clayton Francis, who Robert Wayne Francis testified is his father, has not entered an appearance at any court level, in person or by counsel, in this proceeding. In this opinion we shall refer to Robert Clayton Francis as "Father" and Robert Wayne Francis as "Son" unless otherwise noted.

[2] The purpose of the hearing in Circuit Court is not apparent from the record. The only Circuit Court document contained in the technical record is the Memorandum Opinion and Final Judgment, which describes that the case came on for hearing "upon the appeal by the Plaintiff from the decision of the General Sessions Court declaring the judgment described herein was void." The court proceeded to make findings of fact relative to the procedural history of the case in General Sessions Court and conclusions of law relative to the April 17, 2013 decision of the General Sessions Court holding the judgment void. The

Sessions Court and reinstated the October 6, 2004 money judgment; the court held that jurisdiction of the General Sessions Court to review the validity of the judgment was governed by Tenn. Code Ann. § 16-15-727 and that the motion to quash and to set aside the default judgment was untimely because it was filed more than ten days after the entry of the judgment. Son appeals.

Our review of questions of law is *de novo* without a presumption of correctness afforded to the trial court's conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's findings of fact are reviewed *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. *Id.*; Tenn. R. App. P. 13(d).

## DISCUSSION

The first issue we address is the validity of the money judgment entered in General Sessions Court and whether it is a judgment against Son; he contends that original money judgment was void because he was not personally served with process and because he was never known as Wayne K. Francis.

Tenn. Code Ann. § 29-18-115 governs service of process in forcible entry and detainer actions; § 29-18-115(a)(1) states in pertinent part:

> In commencing an action under this chapter, summons may be served upon any adult person found in possession of the premises; and service of process upon such party in possession shall be good and sufficient to enable the landlord to regain possession of such landlord's property.

This statute permits service on an adult "found in possession of the premises" where a named party cannot be personally served; it is sufficient only for purposes of entry of a judgment for possession. 1 Lawrence A. Pivnick, *Tenn. Cir. Ct. Prac.* § 9:24 (2014); *see also B & G Const., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000).

transcript of the Circuit Court hearing shows that counsel for Plaintiff first advised the court that Plaintiff sought to appeal the April 17 decision and proceeded to argue the merits of his contention that the decision should be reversed. In response, counsel for Defendant contended that the General Sessions Court correctly set aside the judgment because the court found that "there was no service of process and also it's the wrong named defendant." Counsel for Defendant further advised the court that Plaintiff had initiated the Circuit Court proceeding by filing a "Notice of Appeal and Petition for Certiorari"; that Defendant had filed a motion to dismiss "the part that relates to the Petition for Certiorari because it was not served"; and that Plaintiff had filed a Notice of Nonsuit as to the certiorari but no order had been entered. The materials relating to the certiorari petition are not in the record before us and, consequently, are not a part of our consideration of the issues in this appeal. It is apparent that the parties and the Circuit Court proceeded to address the General Sessions Court's original entry of the money judgment and ruling on the Defendant's motion to set the judgment aside rather than try the case *de novo*; inasmuch as both parties have proceeded in this manner, we shall resolve the issues as presented by the parties.

The return of service on the detainer warrant states that "Defendant Father" was served. Son acknowledged at the Circuit Court hearing that Father's signature was on the bottom of the detainer warrant; Son does not otherwise contend that service on Father was not sufficient service for the purposes of Tenn. Code Ann. § 29-18-115. While we agree that service on Father was sufficient for Plaintiff to regain possession of the property, we must make reference to another statute to consider whether service on Son was achieved for purposes of securing a money judgment against him.

Tenn. Code Ann. § 16-15-903(1) governs service of process in General Sessions Courts and states that service may be made:

> Upon an individual other than an unmarried infant incompetent person, by delivering a copy of the warrant, writ or other papers to the individual personally, or if the individual evades or attempts to evade service, by leaving copies of the warrant, writ or other papers at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing in the dwelling house or usual place of abode, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Service of process is "an essential step in a proceeding." *Yousif v. Clark*, 317 S.W.3d 240, 246 (Tenn. Ct. App. 2010) (citing *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008)). Thus, "[t]he record must establish that the plaintiff complied with the requisite procedural rules . . . ." *Id.*

At the hearing in Circuit Court, Son testified as follows with respect to his being personally served with the warrant:

Q. I'm going to show you a copy of the civil warrant filed in this matter
***

Q. Do you see where that indicates that it was served on defendant father?
A. Yes.
Q. Did you ever receive a copy of that civil warrant?
A. I did not.
Q. Is that your father's signature on the bottom lower right-hand?
A. It is.
Q. Did your father ever tell you about that document?
A. He did not.
***

Q. Was the first time that you were aware of -- that any lawsuit had been

4

filed against you when you received a -- when your employer received a motion -- I mean, a notice of garnishment?

A. Yes, I was completely unaware of any service or any lawsuit up until that point.

Q. Have you ever signed any documents with the name Wayne K. Francis?

A. No.

Son's testimony establishes that he was not personally served with process; there was no evidence at the hearing that contradicted the quoted testimony or otherwise demonstrated that Son had been personally served in accordance with Tenn. Code Ann. § 16-15-903(1). Further, there was no evidence that Son had evaded personal service, which would allow for service on Father to be effective, or that Father was Son's agent, with authority to accept service on his behalf. "[N]otice by service of process in a manner provided by law is essential to give the trial court personal jurisdiction over the parties, and without jurisdiction, judgment against a defendant who is not before the court is void and subject to attack." *Yousif*, 317 S.W.3d at 246 (citing *In re Estate of Graham*, No. 85-114-II, 1986 WL 3156 (Tenn. Ct. App. Mar. 12, 1986)).

In reliance on Tenn. Code Ann. § 16-15-727[3], Plaintiff argues that Son's motion to quash and set aside the October 6, 2004 judgment which was filed in General Sessions Court was untimely because it was not filed within 10 days of the default judgment. As set forth above, service of process in a manner provided by law must be achieved in order for a court to have jurisdiction to enter a judgment against a defendant. The record does not demonstrate that Son was personally served in a manner which complied with Tenn. Code Ann. § 16-15-903(1); thus, the court lacked jurisdiction over Son in order to render a money judgment against him. The judgment so entered was void.

The October 6, 2004 judgment against Son is also problematic because the uncontradicted proof is that he was not and was never known as "Wayne K. Francis."

---

[3] Tenn. Code Ann. § 16-15-727 states:

> (a) Tenn. R. Civ. P. 60.01, regarding clerical mistakes, shall apply to all courts of general sessions. The general sessions judge shall have the authority under the same circumstances and in the same manner as is provided in Tenn. R. Civ. P. 60.01 to correct such mistakes.
>
> (b) Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking de novo review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for de novo review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

The record does not show that Plaintiff sought to amend the complaint in the Circuit Court to add Son as a party or to try *de novo* the case filed in General Sessions Court. The judgments in General Sessions Court and Circuit Court were entered against "Wayne K. Francis" and, on the state of the record before the Circuit Court and this court, is not a valid judgment against Son.

Plaintiff also argues that Tenn. Code Ann. § 16-15-728[4] requires the presumption that the proceedings in which the General Sessions court granted Plaintiff a default judgment were sufficient and valid, and that the "decision to grant this monetary judgment is res judicata" because the General Sessions court did not have the authority to review its prior judgment. This argument is without merit. "[A] void judgment is one that is invalid on its face because the issuing court either lacked subject matter jurisdiction or personal jurisdiction over the proceedings . . . ." *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013) (citing *Gentry v. Gentry*, 924 S.W. 2d 678, 680 (Tenn. 1996)).

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court is reversed; the case is remanded with instructions to enter a new judgment affirming the April 17, 2013 judgment of the General Sessions Court and dismissing Plaintiff's appeal from that judgment.



RICHARD H. DINKINS, JUDGE

---

[4] Tenn. Code Ann. § 16-15-726 provides:

> Every intendment is in favor of the sufficiency and validity of proceedings before general sessions courts, when brought in question, either directly or collaterally, in any of the courts, where it appears on the face of the proceedings that the general sessions court had jurisdiction of the subject matter and of the parties.