IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 1, 2020 Session

**ASSOCIATES ASSET MANAGEMENT, LLC v. SHEILA SMITH**

**Appeal from the Circuit Court for Robertson County**
**No. 2017-CV-338      Ross H. Hicks, Judge**

---

**No. M2019-02217-COA-R3-CV**

---

The issue in this appeal is whether the defendant waived the court's lack of personal jurisdiction through insufficient service of process by making a general appearance. It is undisputed that service of process on the defendant was insufficient when this case commenced in the general sessions court. Nevertheless, the defendant's counsel appeared on behalf of the defendant in the general sessions court, and the court set a trial date. Prior to a trial on the merits, the defendant filed a motion to dismiss the civil warrant premised on insufficient service of process. The record does not include any ruling on that motion, and the general sessions court transferred the case to the circuit court by agreement of the parties before a trial on the merits. Shortly thereafter, the defendant filed her second motion to dismiss the action based on insufficient service of process. The circuit court denied the motion ruling that, although service of process was insufficient, the defendant waived the issue by making a general appearance in general sessions court. The court entered a final judgment in favor of the plaintiff for $35,667.42, and this appeal followed. In Tennessee, a party makes a general appearance for the purposes of waiver by seeking affirmative action from the court on an issue related to the merits of the dispute. *See Landers v. Jones*, 872 S.W.2d 674, 677 (Tenn. 1994); *see also* Tenn. Code Ann. § 16-15-505 (any issues related to the general sessions court's jurisdiction must be raised "before the hearing, or they will be considered as waived."). There is nothing in the record indicating that the defendant sought affirmative action from the court on an issue related to the merits of the dispute in the general sessions court prior to filing her motion to dismiss. Further, the record shows that the defendant promptly filed another motion to dismiss on the same ground when the case was transferred to the circuit court. Therefore, the defendant did not waive the issue of insufficient service of process. Because it is undisputed that service of process was insufficient, we reverse the judgment of the trial court, and this case is remanded with instructions to vacate the judgment and to dismiss the action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

John T. Maher, Clarksville, Tennessee, for the appellant, Sheila Smith.

Christopher W. Conner and Anne Weier, Maryville, Tennessee, for the appellee, Associates Asset Management, LLC.

**OPINION**

On June 7, 2010, Associates Asset Management, LLC ("Plaintiff") commenced this action against Sheila Smith ("Defendant") by filing a civil warrant on a sworn account in Robertson County General Sessions Court. Plaintiff alleged that Defendant defaulted on a loan as of July 27, 2004, and owed Plaintiff $13,563.04 plus interest.

The procedural history and most of the relevant facts appearing in the record establish that the initial summons was issued on June 10, 2010, and was served on Chris Davis, Defendant's boyfriend, on July 6, 2010, not on Defendant.[1] Nearly two years later, on June 1, 2012, the court entered an Order for Substitution of Counsel of Record for Plaintiff. Thereafter, the court entered a Notice of Trial Setting, scheduling the hearing on the matter for November 16, 2012; however, there is no indication in the record that a hearing took place. On December 7, 2015, more than two years after the court set the matter for trial, counsel for Defendant filed a Motion to Withdraw due to a "breakdown in communication between Defendant and counsel," which the court granted.[2]

An alias summons was issued on April 11, 2016, and was served on Defendant on April 29, 2016. Defendant's new counsel, John T. Maher, filed a Notice of Appearance, and on June 3, 2016, he filed a motion in the general sessions court to dismiss the action. In the motion to dismiss, Defendant argued that Plaintiff could not rely on the original filing of the civil warrant in 2010 to toll the statute of limitations because service of the summons on her boyfriend was improper. We must assume that the general sessions court declined to rule on the motion because there is no order in the record. On August 16, 2017, the general sessions court entered an agreed order transferring the case to the Robertson County Circuit Court without holding a hearing on the merits in the general sessions court.[3]

---

[1] The general sessions court civil warrant was issued on June 11, 2010, and service was returned on July 7, 2010, indicating service by Corporal Kendird on "Chris Davis (boyfriend)."

[2] Some of the delays were due to Defendant filing two separate bankruptcy petitions resulting in automatic stays.

[3] The order states the parties agreed the case should be transferred to the circuit court because the matter was "complex." *See* Tenn. Code Ann. § 16-15-732.

Defendant first appeared in the circuit court on October 25, 2017, with the filing of a motion to dismiss on the ground that the July 2010 service of summons was insufficient. Specifically, Defendant argued that

> no other service was attempted, nor was it indicated that the officer made any attempts to personally deliver the service, or that the Court had previously determined that the Defendant was avoiding process and authorizing constructive service prior to the April 29, 2016 service.

Defendant contended that service in 2010 was not properly perfected in accordance with Tenn. Code Ann. § 16-15-903(1); therefore, Plaintiff could not rely on the original filing of the civil warrant to toll the statute of limitations. Because Plaintiff did not attempt to recommence the action until April 2016, nearly six years after the original action was commenced and more than 10 years after the alleged breach of contract in July 2004, its claim was time-barred in accordance with the six-year statute of limitations for breach of contract actions under Tenn. Code Ann. § 28-3-109(a)(3).

> In its response, Plaintiff conceded that the 2010 service of process was insufficient but alleged that Defendant made a general appearance in the general sessions court by repeatedly appearing in that court and by setting and resetting the matter for trial. Plaintiff also alleged that Defendant participated in discovery prior to raising the issue. Based on these allegations, Plaintiff argued that any alleged defect in service was cured and, alternatively, that Defendant was estopped from raising the issue.[4]

> Following a hearing on January 9, 2018, the circuit court denied Defendant's motion, ruling:

> > The Court agrees that the original service of process in this case in June of 2010 was not properly perfected. However, Defendant repeatedly appeared in Court, contested the matter and repeatedly set, or reset, the matter for trial. Defendant was represented by counsel who entered a general appearance on behalf of the Defendant in General Sessions Court. The issue of defective service was never raised during the first six years of this litigation.

The circuit court also ruled that Defendant was estopped from raising the issue at that time because she participated in discovery in general sessions court and had not previously raised the issue clearly and with specificity. On November 19, 2019, the court entered an Agreed Judgment Order, finding that Defendant was liable for $35,667.42. This appeal followed.

---

[4] Plaintiff also contended that "on or about January 11, 2013, prior counsel for the Defendant, Amy Bates, agreed to waive any alleged service of process issues." We find nothing in the record to support this allegation, and the trial court made no such finding.

## ANALYSIS

The circuit court correctly determined, and Plaintiff concedes, that the July 2010 service of process was insufficient.[5] Nevertheless, Plaintiff argues that Defendant waived the issue and/or was estopped from raising the issue because Defendant hired counsel who appeared on Defendant's behalf in general sessions court, and thereafter, Defendant participated in discovery and contested the matter for six years before filing a motion to dismiss.

For her part, Defendant denies participating in discovery in the general sessions court, and we find nothing in the record to support a finding that she did.[6] Thus, the dispositive issue is whether the appearances by Defendant's counsel in the general sessions court constituted a waiver of lack of personal jurisdiction through insufficient or improper service. *See Landers*, 872 S.W.2d at 675.

---

[5] Service of process in general sessions court is governed by Tenn. Code Ann. § 16-15-903, which provides, in pertinent part, that service of process shall be made

> (1) Upon an individual other than an unmarried infant incompetent person, by delivering a copy of the warrant, writ or other papers **to the individual personally**, or if the individual evades or attempts to evade service, by leaving copies of the warrant, writ or other papers at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing in the dwelling house or usual place of abode, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served[.]

(Emphasis added).

Here, Plaintiff concedes that service on Defendant's boyfriend was not sufficient under the statute. But according to Tenn. Code Ann. § 16-15-710,

> plaintiff, if plaintiff wishes to rely on the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining new process from time to time, each new process to be obtained within (9) months from return unserved of the previous process, or plaintiff must recommence the action within one (1) year after the return of the initial process not served.

An alias summons was issued and served on Defendant in April 2016.

[6] A defendant will be estopped from raising the issue of insufficient service of process if the defendant "engaged in discovery while waiting for the statute of limitations to run." *Goodner v. Sass*, E2000-00837-COA-R3-CV, 2001 WL 35969, at *2 (Tenn. Ct. App. Jan. 16, 2001); *Faulks v. Crowder*, 99 S.W.3d 116, 125 (Tenn. Ct. App. 2002). Because the record does not support a finding that Defendant participated in discovery in general sessions court, Defendant was not estopped from raising the issue on that basis.

Generally, when considering a Tenn. R. Civ. P. 12 motion to dismiss, the court is limited to an examination of the complaint; however, when the motion to dismiss is premised on insufficient service of process, a court may consider matters outside the complaint without converting the motion to one for summary judgment. *McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 436 (Tenn. Ct. App. 2011). Whether a defendant waived insufficient service of process is a question of law that we review de novo with no presumption of correctness accorded to the trial court's decision. *Allgood v. Gateway Health Sys.*, 309 S.W.3d 918, 923 (Tenn. Ct. App. 2009).

"[N]otice by service of process in some manner provided by law is essential to give the trial court personal jurisdiction over the parties, and without jurisdiction, judgment against a defendant who is not before the court is void and subject to attack." *Yousif v. Clark*, 317 S.W.3d 240, 246 (Tenn. Ct. App. 2010). A defendant can waive lack of personal jurisdiction through improper service by "making a voluntary 'general appearance' before the court." *Landers*, 872 S.W.2d at 675. To find that a defendant made a general appearance, the record must reflect that the defendant recognized the court's jurisdiction by seeking affirmative action from the court on an issue that relates to the merits of the dispute. *Id.* at 677. Thus, this court has determined that the mere filing of a notice of appearance by counsel does not constitute a general appearance for the purposes of waiver. *Bell v. Brewer*, No. 01A01-9404-CV-00147, 1994 WL 592099, at *4 (Tenn. Ct. App. Oct. 26, 1994); *see also Landers*, 872 S.W.2d at 677 (motion seeking a continuance to prepare a defense did not constitute waiver by general appearance).

In circuit court, the defendant waives the defense of insufficient service of process by "making a motion that goes to the merits or by filing an answer" without addressing the issue. *Landers*, 872 S.W.2d at 677. But, in general sessions courts, litigants are not required to file written pleadings that conform to the rules of civil procedure. *See Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 183 (Tenn. 1995); *see also* Tenn. R. Civ. P. 1 ("The Rules of Civil Procedure shall not apply to general sessions courts . . . ."). Instead, litigants may plead their cases orally. *Ware*, 898 S.W.2d at 183. Tennessee Code Annotated section 16-15-505 provides that any issues related to the general sessions court's jurisdiction must be raised "before the hearing, or they will be considered as waived."

Here, the record reflects that the summons was served on Chris Davis in July 2010. Nearly two years later, on June 1, 2012, the court entered an Order for Substitution of Counsel of Record for Plaintiff. Thereafter, the court entered a Notice of Trial Setting, scheduling the hearing on the matter for November 16, 2012. There is no indication in the record that a hearing took place on that date. On December 7, 2015, more than three years after the court set the matter for trial, counsel for Defendant filed a Motion to Withdraw due to a "breakdown in communication between Defendant and counsel," which the court granted. The alias summons was issued on April 11, 2016, and was served on Defendant on April 29, 2016. After Defendant's attorney, John T. Maher, filed a Notice of

Appearance, Defendant filed a motion to dismiss, arguing that the July 2010 service was ineffective, and the action was barred by the applicable statute of limitations.

It is undisputed that Defendant filed her motion to dismiss before the hearing in general sessions court; therefore, she did not waive her objection to service of process pursuant to Tenn. Code Ann. § 16-15-505. As for waiver by general appearance, there is nothing in the record to support a finding that, prior to the filing of Defendant's motion to dismiss, Defendant recognized the court's jurisdiction by seeking affirmative action from the court on an issue related to the merits of the dispute. *See Landers*, 872 S.W.2d at 677. The record shows that Defendant hired counsel to represent her, but, as previously stated, that fact, alone, does not constitute a general appearance for the purposes of waiver.

Thus, we have determined that the record does not support a conclusion that Defendant waived the issue of insufficient service of process. Accordingly, we reverse the trial court's decision to deny Defendant's motion to dismiss.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with instructions to vacate the Agreed Judgment Order of $35,667.42 and to dismiss the action. Costs of appeal are assessed against Associates Asset Management, LLC.

_____

FRANK G. CLEMENT JR., P.J., M.S.