IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 13, 2020 Session

## TBF FINANCIAL LLC v. JONATHAN SIMMONS

**Appeal from the Circuit Court for Knox County**
**No. C-19-143719    Kristi M. Davis, Judge**

_____

### No. E2020-00396-COA-R3-CV

_____

Appellant appeals the trial court's dismissal of his Tennessee Rule of Civil Procedure 60.02 motion for relief from a judgment entered against him in the Knox County General Sessions Court. Appellant's Rule 60.02 motion was filed approximately 8 years after the judgment was entered, and the trial court held that it lacked jurisdiction based on the expiration of the 10-day time period set out in Tennessee Code Annotated Section 16-15-727(b). Appellant's motion was premised on his contention that he was never served with process in the general sessions court and, as such, the judgment was void *ab initio*. We conclude that the 10-day statutory time period does not preclude the trial court's jurisdiction to address Rule 60.02 motions based on a void judgment. However, we do not reach the ultimate question of whether Appellant is entitled to such relief because there is a dispute of fact regarding whether proper service was achieved. This dispute must be resolved by the trial court in order to determine whether Rule 60.02(3) relief is warranted. Vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

David A. Lufkin, Sr., Knoxville, Tennessee, for the appellant, Jonathan Simmons.

Christopher W. Conner, J. Matthew Williams, and Kara Fitzpatrick, Maryville, Tennessee, for the appellee, TBF Financial, LLC.

**OPINION**

In 2011, Appellee TBF Financial, LLC ("TBF") filed suit against Appellant Jonathan Simmons in the Knox County General Sessions Court to collect money allegedly owed by Mr. Simmons on a note. The summons issued on April 13, 2011. According to the return, the sheriff served Mr. Simmons on April 16, 2011. A signature, purporting to be that of Mr. Simmons, appears on the return. On June 27, 2011, the general sessions court entered judgment against Mr. Simmons and in favor of TBF in the amount of $14,536.44.

In 2012, TBF enrolled the judgment in the 21st Judicial Circuit Court of St. Louis County, Missouri. On December 13, 2012, Mr. Simmons allegedly was personally served with a subpoena for TBF's "Examination of Judgment Debtor." TBF contends that, on January 16, 2013, Mr. Simmons personally appeared in the Circuit Court of St. Louis, Missouri and provided financial documents to TBF; Mr. Simmons disputes this contention. However, Mr. Simmons concedes that, in July 2019, he was personally served with process when TBF enrolled its judgment in California. He contends that the California service was the first notice he had of the Knox County general sessions court's judgment against him.

On or about September 13, 2019 (approximately 8 years after the judgment was entered in the Knox County General Sessions Court), Mr. Simmons filed a "Motion for Rule 60.02 Relief or for an Order of Certiorari & Supersedeas" in the Knox County General Sessions Court seeking to set aside the 2011 judgment. As the sole ground for his motion, Mr. Simmons alleged that he was never served with the general sessions summons and had no idea there was a judgment against him in that court until TBF attempted to enroll the judgment in California, where Mr. Simmons lived. Mr. Simmons filed his affidavit in support of the motion for relief from the general sessions judgment. Therein, he averred, in relevant part:

> 2. On August 11, 2019 I was served in California with a "Notice of Entry of Judgment on Sister-State Judgment" which I believe is an attempt to enforce the [general sessions'] judgment . . . .
> 3. This action, according to the papers with which I was served, was filed on January 3, 2014. However, the first notice I received of this matter was the date in which I was served in August, 2019. . . .
> 4. According to the attached "Civil Summons" this matter was filed in the Knox County General Sessions Court . . . and issued on April 13, 2011. The Warrant was preset for June 27, 2011. It bears that a Sheriff of Knox County served this matter upon a "Jonathan Simmons" on April 16, 2011. The Civil Warrant bears a signature of the alleged defendant being served.
> 5. I do not recognize the name of the Plaintiff in this matter, TBF

Financial, LLC. I have never, to my knowledge, done business with such an entity, and to my knowledge owe them nothing.

6. I owned businesses in Knox County for which this debt, if any, may have arose, but I sold those businesses in 2011. Between that time and the date I moved from Knoxville I never received any billing or any other notice of debt owed to one "TBF Financial, LLC."

7. I moved from the Knoxville area to Missouri in April 2011. Although I cannot remember the specific date that I left I believe, based on my best recollection and memory, that it was before April 16, 2011, the date of service indicated in the original judgment. Additionally, I was not served with any process and did not sign for such process.

8. In that the date of the hearing, June 27, 2011, which is also the date of the Judgment, was indicated on the Civil Warrant, and because I was not served in this matter, I had no knowledge whatsoever of any court date or hearing set in this matter.

TBF filed a response in opposition to Mr. Simmons' motion to set aside the general sessions judgment. Citing Tennessee Code Annotated section 16-15-727(b), discussed *infra*¸ TBF argued that Mr. Simmons' motion was untimely because it was filed approximately 8 years after entry of the judgment. Following a hearing on December 11, 2019, the Knox County General Sessions Court denied Mr. Simmons' motion on the same day.

On or about February 5, 2020, Mr. Simmons appealed to the Circuit Court for Knox County ("trial court"), where he refiled his Rule 60.02 motion and affidavit, *supra*. On February 14, 2020, TBF filed a motion to dismiss. Therein, TBF reiterated its previous argument that Mr. Simmons' motion was untimely and averred the following additional facts for the trial court's consideration:

3. The General Sessions Court rendered a judgment against [Mr. Simmons] and in favor of [TBF] on June 27, 2011.

4. In 2012, [TBF] domesticated the judgment in the 21st Judicial Circuit Court of St. Louis, Missouri.

5. On December 13, 2012, [Mr. Simmons] "Examination of Judgment Debtor" . . . .

6. On January 16, 2013, [Mr. Simmons] personally appeared in the Circuit Court of St. Louis, Missouri for [TBF's] "Examination of Judgment Debtor" and provided financial documents to [TBF].

7. [Mr. Simmons] was served with process again in July 2019 when [TBF] domesticated its judgment in California.

As Exhibit A to its motion, TBF attached the "Examination of Judgment Debtor," which it allegedly filed in the Missouri court, along with an "Affidavit of Process Server,"

indicating that Mr. Simmons was served with the "Examination of Judgment Debtor" on December 13, 2012. The trial court set a hearing for February 28, 2020 and sent notice to the parties. The hearing was not transcribed. On February 28, 2020, the trial court entered an order granting TBF's motion to dismiss, wherein it stated only that, "Based upon the arguments of counsel and the record as a whole, the Court finds that [TBF's] Motion to Dismiss Appeal should granted."

On or about March 20, 2020, Mr. Simmons filed what purported to be a Tennessee Rule of Civil Procedure 24(c) Statement of the Evidence. TBF objected to the filing on the ground that it did not accurately represent what transpired at the February 28, 2020 hearing. To resolve the dispute, the trial court entered an order on March 7, 2020, wherein it stated, in relevant part:

> [Mr. Simmons] filed a statement of the evidence as required by Tenn. R. App. P. 24(c). [TBF] has objected to paragraphs 1-24, 27, and 28, and portions of paragraph 26. [TBF] has requested that additional information be included. Rule 24(c) requires a statement of the evidence or proceedings that coveys a "fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." This case was resolved on a motion to dismiss appeal. Thus, no evidence was presented. The proceeding at issue is the hearing on the motion. Neither party hired a court reporter to transcribe the hearing. The appropriate statement of the proceedings encompasses what transpired at the hearing, which was as follows:
>
> 1. [TBF] filed a Rule 60.02, Tenn. R. Civ. P., motion for relief or for an order of certiorari and supersedeas.
> 2. [Mr. Simmons] filed a motion to dismiss.
> 3. A hearing was held on February 28, 2020.
> 4. At the hearing, [TBF's] counsel argued against [Mr. Simmons'] Rule 60.02 motion and in favor of its motion to dismiss. [TBF's] counsel argued that the appeal was untimely, that the judgment was over eight years old, and that neither the General Sessions Court nor the Circuit Court had jurisdiction beyond ten days from the date of the original judgment in which to hear an appeal or motion under Rule 60.02, Tenn. R. Civ. P.
> 5. [Mr. Simmons'] counsel argued that the ten-day time period was not applicable because service of process on [Mr. Simmons] was never achieved. [Mr. Simmons'] counsel relied upon *Apexworks Restoration v. Scott*, [No. M2019-00067-COA-R3-CV,] 2019 WL 5448698 (Tenn. Ct. App. Oct. 24, 2019).
> 6. The Court declined to follow *Apexworks* because the case was unreported and the facts differ from the present case.

- 4 -

7. The Court concluded that a Rule 60.02 motion was not the proper procedure to appeal a judgment from General Sessions Court from June 26, 2011. The Court granted [TBF's] motion to dismiss the appeal from General Sessions Court.

Mr. Simmons appeals. The sole issue for review is whether the trial court erred in dismissing Mr. Simmons' Tennessee Rule of Civil Procedure 60.02 motion for relief from the June 26, 2011 judgment entered against him in the General Sessions Court for Knox County. Unfortunately, we do not reach the substantive issue due to the trial court's failure to resolve the dispute of fact concerning whether Mr. Simmons was served with the general sessions' warrant.

As discussed above, Mr. Simmons filed a Tennessee Rule of Civil Procedure 60.02 motion to set aside the June 26, 2011 general sessions judgment. Tennessee Code Annotated Section 16-15-727(b) governs the filing of Rule 60.02 motions in the general sessions court and provides:

> Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. *A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment*. Once filed, the motion shall toll the ten-day period for seeking *de novo* review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for *de novo* review in the circuit court *shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided* in Tenn. R. Civ. P. 60.02.

Tenn. Code. Ann. § 16-15-727(b) (emphases added). TBF contends that the trial court correctly dismissed Mr. Simmons' motion because it was filed approximately 8 years after entry of the general sessions judgment in contravention of the 10-day time period set out in the foregoing statute. Mr. Simmons' sole contention in support of his motion for Rule 60.02 relief is that he was never served with process in the general sessions court. This Court has held that service of process is "an essential step in a proceeding." **Yousif v. Clark**, 317 S.W.3d 240, 246 (Tenn. Ct. App. 2010) (citing **Watson v. Garza**, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008)). "[N]otice by service of process in a manner provided by law is essential to give the trial court personal jurisdiction over the parties, and without jurisdiction, judgment against a defendant who is not before the court is void and subject to attack." **Yousif,** 317 S.W.3d at 246 (citing **In re Estate of Graham**, No. 85-114-II, 1986 WL 3156 (Tenn. Ct. App. Mar. 12, 1986)). "[A] void judgment is one that is invalid on its face because the issuing court either lacked subject matter jurisdiction or personal jurisdiction over the proceedings. . . ." **Hood v. Jenkins**, 432

S.W.3d 814, 825 (Tenn. 2013) (citing **Gentry v. Gentry**, 924 S.W.2d 678, 680 (Tenn.1996)). Thus, "[t]he record must establish that the plaintiff complied with the requisite procedural rules [for service of process]. . . ." **Id.** Applying the foregoing principles, in the case of **Homes v. Francis**, No. M2014-00729-COA-R3-CV, 2015 WL 9946265 (Tenn. Ct. App. Aug. 12, 2015), this Court held that the 10-day requirement in Tennessee Code Annotated section 16-15-727(b) is not applicable when the basis on which Rule 60.02 relief is sought is that service of process was never achieved, thereby rendering the judgment void *ab initio*, to-wit:

> In reliance on Tenn. Code Ann. § 16-15-727, Plaintiff argues that [the defendant's] motion to quash and set aside the October 6, 2004 judgment which was filed in General Sessions Court was untimely because it was not filed within 10 days of the default judgment. As set forth above, service of process in a manner provided by law must be achieved in order for a court to have jurisdiction to enter a judgment against a defendant. The record does not demonstrate that [the defendant] was personally served in a manner which complied with Tenn. Code Ann. § 16-15-903(1); thus, the court lacked jurisdiction over [the defendant] in order to render a money judgment against him. The judgment so entered was void.

**Homes**, 2015 WL 9946265, at *4.

Rule 60.02 provides several grounds for relief from judgments, including: "(1) mistake, inadvertence, surprise or excusable neglect . . .; [or] (3) the judgment is void." This Court has distinguished the applicability of the Tennessee Code Annotated section 16-15-727(b), 10-day time period when the movant seeks relief under Rule 60.02(1) for "mistake inadvertence, surprise or excusable neglect," and when he or she seeks relief under Rule 60.02(3) because the judgment is allegedly void. *Compare* **Tennessee Protection Agency, Inc. v. Mathies**, No. M2009-01775-COA-R3-CV, 2010 WL 2889316, at *1 (Tenn. Ct. App. Jan. 12, 2011) (holding that by the time the defendant filed his Rule 60.02(1) motion for relief on the ground of mistake, inadvertence, surprise or excusable neglect, the general sessions court had already lost jurisdiction to rule on the motion due to the expiration of the 10-day time period under Tennessee Code Annotated section 16-15-727(b)), *with* **Homes**, 2015 WL 9946265, at *4 (*supra*). In **Apexworks Restoration v. Scott**, No. M2019-00067-COA-R3-CV, 2019 WL 5448698, at *4 (Tenn. Ct. App. Oct. 24, 2019), this Court succinctly explained the distinction between **Mathies** and **Homes**:

> [T]he underlying rationale is identical in both decisions: that, generally speaking, there should be no time limit on seeking relief from a void judgment because, in the eyes of the law, such a judgment does not exist. Moreover, the **Homes** and **Mathies** decisions can be distinguished from one another in a significant respect. . . . . [I]n **Homes**, the defendant sought

relief from the default judgment on the ground that it was void because he was never properly served. *Homes*, 2015 WL 9946265, at \*4. In *Mathies*, however, the defendant sought relief from the default judgment on the ground of mistake, inadvertence, surprise, or excusable neglect. *Mathies*, 2010 WL 2889316, at \*1. Because the defendant in *Mathies* did not move to set aside the judgment on the ground that it was void, Tennessee Code Annotated section 16-15-727(b) required him to file his motion within 10 days after the entry of the judgment.

*Id*. (footnote omitted). In *Apexworks*, defendants' motion for Rule 60.02 relief was filed more than 3 years after entry of the general sessions judgment. However, the motion was predicated on defendants' contention that service of process was not achieved in the general sessions court, and, thus, the judgment was void for lack of jurisdiction. In this regard, the *Apexworks* case was governed by the reasoning in *Homes*, *discussed supra*, and the *Apexworks* Court held that "the 10-day requirement is not applicable to the facts of the present case." *Id.* at \*3. Because the gravamen of defendants' request for Rule 60.02 relief in *Apexworks* was that the underlying judgment was void, we concluded that, "[T]he General Sessions Court had jurisdiction to adjudicate Defendants' motion to void the default judgments—and, consequently, that the trial court had jurisdiction to adjudicate Defendants' appeal of the General Sessions Court's denial of that motion." *Id.* at \*5. The same is true here. Although the trial court declined to follow *Apexworks* "because the case was unreported and the facts differ from the present case," we conclude that *Apexworks* is applicable here and is, in fact, dispositive. The fact that *Apexworks* is an unpublished opinion does not negate its precedential value in this case. This Court routinely cites unpublished cases in its opinions. Here, as in *Apexworks*, the Rule 60.02 motion was brought under Rule 60.02(3), and Mr. Simmons' sole argument for relief from the general sessions judgment was that the judgment was void for lack of service of process. As such, the 10-day time period does not bar the trial court's jurisdiction to hear the motion. *Turner v. Turner*, 473 S.W.3d 257, 260 (Tenn. 2015) ("[T]he reasonable time filing requirement of Rule 60.02 does not apply to petitions seeking relief from void judgments under Rule 60.02(3)). Although the 10-day time period does not deprive the trial court of its jurisdiction to hear Mr. Simmons' motion, jurisdiction does not, *ipso facto*, entitle Mr. Simmons to relief under Rule 60.02(3).

Throughout these proceedings, Mr. Simmons has maintained that he was never served with process in the general sessions court. If Mr. Simmons was not served, then the general sessions judgment is void *ab initio*, and he is entitled to Rule 60.02(3) relief. However, if he was properly served, the basis for his Rule 60.02 relief is negated, i.e., the judgment is not void, and he is not entitled to relief from the judgment. As explained by the Tennessee Supreme Court in *Turner*:

> A court obtains personal jurisdiction over a party defendant by service of process. *Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012);

*see also* ***Johnson v. McKinney***, 222 S.W.2d 879, 883 (Tenn. Ct. App. 1948) ("The general rule is that notice by service of process or in some other manner provided by law is essential to give the court jurisdiction of the parties; and judgment rendered without such jurisdiction is void and subject to attack from any angle."). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." ***Ramsay***, 387 S.W.3d at 568[.]

***Turner***, 473 S.W.3d at 271 (emphasis omitted). "Accordingly, it is the *service* of process—rather than the *return* of service—that must be accomplished before a court obtains personal jurisdiction over a party defendant." ***Apexworks***, 2019 WL 5448698, at *4 (emphases in original).[1]   So, although the record in this case contains a return of service that purports to bear Mr. Simmons' signature, through his affidavit and motion, Mr. Simmons raises questions concerning whether he was, in fact, served. As set out above, in his affidavit, Mr. Simmons contests service and avers that he was not living in Knox County at the time the sheriff indicated service was achieved in Knox County. Mr. Simmons further denies having any knowledge of the general sessions court proceedings against him until he received notice of the enrollment of the judgment in California in 2019.   These averments create a dispute of fact concerning whether proper service was achieved in this case. We briefly note that although TBF avers, in its motion to dismiss, that Mr. Simmons was subsequently served when it enrolled the general sessions judgment in Missouri, the gravamen here is whether Mr. Simmons was served in the General Sessions Court of Knox County. Subsequent service in Missouri (or California) will not cure the lack of initial service, and the trial court must resolve the question of initial service before it can effectively determine whether Mr. Simmons is entitled to relief from the general sessions judgment. In its March 7, 2020 order, *supra*, the trial court states that, "This case was resolved on a motion to dismiss appeal.  Thus, no evidence was presented." From this statement, it appears that the trial court treated TBF's

---

[1] Tennessee Code Annotated section 16-15-403 governs service of process in general sessions court.  The statute provides, in relevant part:

> The plaintiff shall after issuance by the clerk of the general sessions court furnish the persons making the service with all necessary copies. Service shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant incompetent person, by delivering a copy of the warrant, writ or other papers to the individual personally, or if the individual evades or attempts to evade service, by leaving copies of the warrant, writ or other papers at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing in the dwelling house or usual place of abode, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

filing as a Tennessee Rule of Civil Procedure 12 motion to dismiss; however, from the substantive averments and argument set out in that filing, TBF's "motion to dismiss appeal" was more in the vein of a response in opposition to Mr. Simmons' Rule 60.02 motion. *See, e.g., **State v. NV Sumatra Tobacco Trading Co.**,* 403 S.W.3d 726, 729 (Tenn. 2013) (citations omitted) ("Courts should give effect to the substance of motions rather than their form or title."). In ruling on Mr. Simmons' Rule 60.02 motion, the trial court was not precluded from allowing evidence outside the parties' filings. In view of the dispute of fact regarding service of process, the parties should be allowed to develop an evidentiary record concerning the question of whether TBF properly served Mr. Simmons in the general sessions court. We remand the case for that purpose.

For the foregoing reasons, we vacate the trial court's order. The case is remanded for resolution of the question of whether Mr. Simmons was properly served and for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to Appellant, Johnathan Simmons, and one-half to Appellee, TBF Financial, LLC, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE